No. 50,054

Harold Vaughn, Raymond D. Flummer, and Lee Henderson, as the Board of County Commissioners of the County of Greenwood and as the County Board of Equalization of the County of Greenwood; Marilyn Wilson, as the County Clerk of said County; and Virginia L. Connell, as the County Treasurer of said County, *Appellees,* v. Henry Martell and The Eureka Drilling Company, *Appellants,* and Charles B. Joseph, Eugene E. Lee, Rudolph E. Stephen, Howard F. Lawrence and Rex Morgan as the State Board of Tax Appeals of the State of Kansas; and as the State Board of Equalization of the State of Kansas; and Raymond Vaughn, as State Director of Property Valuation, *Respondents.*

(603 P.2d 191)

Opinion filed December 1, 1979.

*Robert L. Kennedy,* of Topeka, argued the cause, and *Franklin D. Gaines,* of Gaines and All, of Augusta, was with him on the briefs for the appellant-cross-appellee.

*Bernis G. Terry,* of Lowe, Terry, and Roberts, of Olathe, argued the cause, and *Donald H. Shoop,* county attorney, was with him on the brief for the appellee.

*Robert E. Duncan, II,* of Topeka, was on the brief *amicus curiae* for the State Board of Tax Appeals.

The opinion of the court was delivered by

Prager, J.: This case involves an administrative appeal of two taxpayers from the assessed valuation of a certain oil leasehold interest in Greenwood County. The facts in the case are not greatly in dispute and were found by the district court to be in substance as follows: Appellees are the duly elected, qualified, and acting board of county commissioners and county board of equalization, county clerk, and county treasurer of Greenwood County. Appellants, Henry Martell and the Eureka Drilling

Company, are the owners of the oil leasehold interest described in the equalization appeal as:

"Babson Lease, Section 9-25-11, Greenwood County, Kansas."

On May 12, 1975, the county board of equalization heard appellants' equalization appeal from the value fixed by the county assessor and made no change in that value. On July 14, 1975, an appeal from the decision of the county board of equalization was filed in the office of the county clerk of Greenwood County. On July 15, 1975, a copy of the appeal was received by the State Board of Tax Appeals as Docket No. 184-75-E. On November 14, 1975, the state board heard the equalization appeal. On December 15, 1975, the proceedings on the equalization appeal came on for final consideration and decision. The state board made and entered a specific order modifying the decision of the county board of equalization of Greenwood County, by reducing the 1975 appraised valuation of appellants' Babson lease by 20%. The state board also made a general order which directed the appellees to reduce the 1975 appraised valuation on *all other oil properties* in Greenwood County by 20% and further directed the same reduction in eight other counties. The state board did not certify the purported change of valuation to the Director of Property Valuation in accordance with K.S.A. 79-1409. On January 14, 1976, the county officials appealed to the district court of Greenwood County, Kansas, pursuant to K.S.A. 74-2426.

In its judgment, the trial court sustained the specific order of the state board insofar as it granted specific relief to the taxpayers from the assessment made by the county board of equalization on the Babson lease. As to the general order granting relief to all oil property in Greenwood County and eight other counties, the district court held the order to be void. The taxpayers have appealed from the judgment setting aside the general order of the state board. The county officials have cross-appealed from the judgment sustaining the specific order of the state board. There are a number of points raised on the appeal and the cross-appeal. However, we are faced with a serious jurisdictional issue which is raised by the Greenwood County officials on their cross-appeal and which we have concluded is determinative of the lawsuit.

In its cross-appeal, the Greenwood County officials maintain that the State Board of Tax Appeals never had jurisdiction to grant the appellants any relief in the equalization appeal for the reason that the appeal was not timely filed with the state board as

required by K.S.A. 79-1609 which requires that such appeals must be filed within forty-five (45) days from the date of the decision from which any such appeal is taken. K.S.A. 79-1609 provides in part as follows:

"79-1609. **Appeals to state board of tax appeals; notice, requirements.** Any person being aggrieved by any order of the county board of equalization may appeal to the board of tax appeals by filing a written notice of appeal . . . with the board of tax appeals and by filing a copy thereof with the clerk of said county board of equalization within forty-five (45) days after the date of the order from which the appeal is taken."

K.S.A. 79-1409 provides for the same time limitation on appeals from a county board of equalization.

In this case, the record clearly shows that the order of the Greenwood County board of equalization, denying relief and upholding the evaluation fixed by the county assessor, was entered on May 12, 1975. On July 14, 1975, the appeal from the decision of the county board of equalization was filed by the appellants in the office of the county clerk of Greenwood County. On July 15, 1975, the appeal was received by the State Board of Tax Appeals and docketed. A period of sixty-three (63) days elapsed between the date of the decision of the county board of equalization and the filing of the written notice of appeal with the board of tax appeals and with the county clerk. The record further discloses that the county officials raised the jurisdictional issue in the State Board of Tax Appeals, in the Greenwood County district court, and again raised the issue here. It is difficult to understand how the state board or the district court could have concluded that the board of tax appeals had jurisdiction to grant any relief to the taxpayers. The law in this state is well settled that administrative appeals from taxing agencies are a matter of statute and the right to appeal is specifically limited to the statute providing for such appeals. In *Sprague Oil Service v. Fadely,* 189 Kan. 23, 367 P.2d 56 (1961), it is stated that there is no appeal from tax agencies in the absence of statutory provisions therefor and the right to appeal is limited to the statute providing for such appeals. In order for an appellant to maintain his right of appeal, he must bring himself clearly within the provisions of the statute which provide for such an appeal.

The State Board of Tax Appeals is a creature of the legislature. Its authority and power is only such as is expressly or impliedly given by legislative enactment. If it attempts to exercise jurisdic-

tion over a subject matter not conferred by the legislature, its orders with respect thereto are without authority of law and void. *Walkemeyer v. Stevens County Oil & Gas Co.,* 205 Kan. 486, 470 P.2d 730 (1970); *Republic Natural Gas Co. v. Axe,* 197 Kan. 91, 96, 415 P.2d 406 (1966). The rule followed in Kansas is in accordance with the general rule applied throughout the United States that the time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal. 2 Am. Jur. 2d, Administrative Law § 544 and 73 C.J.S., Public Administrative Bodies and Procedure § 159. The general rule has been followed in Kansas in cases involving an administrative appeal in a worker's compensation case, *Shinkle v. Kansas State Highway Commission,* 200 Kan. 191, 434 P.2d 836 (1967), and in an appeal under the unemployment compensation law, *Smith v. Robertson,* 155 Kan. 706, 128 P.2d 260 (1942).

Since the taxpayers-appellants in this case did not file a timely appeal with the State Board of Tax Appeals within the forty-five (45) days allowed by K.S.A. 79-1609, the state board had no jurisdiction to make any order in the appeal except to dismiss the appeal for want of jurisdiction. Likewise, the district court had no jurisdiction to make an order or enter judgment granting relief to the taxpayers. It necessarily follows that the specific order made by the Board of Tax Appeals and by the district court, granting relief to the taxpayers on the Babson lease, must be set aside and held void. No timely appeal having been taken from the decision of the board of equalization of Greenwood County, that decision, denying a change in the assessed valuation, remains in effect. As to the general order made by the state board, we decline to determine in this case whether that order was valid or invalid. We note from the record that the general order, covering the assessment of oil properties in Greenwood County and eight other counties, was made by the State Board of Tax Appeals in disposing of a number of pending appeals. Whether or not other appeals were timely taken is not shown in the record before us. We have no knowledge whether the general order has been challenged in other pending litigation in which the State Board of Tax Appeals properly had jurisdiction. We simply hold that we cannot determine the validity of the general order in *this* case on *this* appeal.

The judgment of the district court is reversed.

FROMME, J., not participating.