No. 50,157

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS; *et al., Appellants,* v. AMEQ, INC.; *et al., Appellees.*

(605 P.2d 119)

Opinion filed January 19, 1980.

*Bruce F. Landeck,* of Lowe, Terry, and Roberts, of Olathe, argued the cause, and *Bernis G. Terry,* of the same firm, and *Lyndus A. Henry,* county counselor, were with him on the brief for the appellants.

*John W. Brand, Jr.,* of Stevens, Brand, Lungstrum, Golden, and Winter, of Lawrence, argued the cause and *Winton A. Winter, Jr.,* of the same firm, was with him on the brief for the appellee Ameq, Inc.

*William J. Paprota,* of State Board of Tax Appeals, and *Tom Green,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, *Charles A. Briscoe,* deputy attorney general, and *Clarence J. Malone,* assistant attorney general, were on the brief for the appellee State of Kansas.

The opinion of the court was delivered by

PRAGER, J.: This case involves a dispute between Ameq, Inc., a property owner, and the board of county commissioners of Johnson County over the amount of the assessment of certain real estate for ad valorem tax purposes. The Johnson County officials appealed to the district court from an order of the board of tax appeals granting relief to Ameq in proceedings filed by Ameq pursuant to K.S.A. 79-2005 seeking repayment of taxes paid under protest.

The facts in the case are not disputed and essentially are as follows: Ameq, claiming an excessive evaluation, paid its 1976 real property taxes under protest in accordance with K.S.A. 79-2005. Ameq filed a timely application for a hearing with the State Board of Tax Appeals (BOTA). BOTA heard the protest on April 7, 1977, and, on June 15, 1977, determined the property evaluation to be excessive. It ordered a reduction of the tax with a refund of the excess taxes paid. On July 11, 1977, the Johnson County officials filed a notice of appeal with BOTA in accordance with K.S.A. 60-2101(*d*). The appeal was docketed in the Shawnee

County District Court on July 19, 1977. Ameq filed a motion to dismiss the appeal for want of jurisdiction on the ground that K.S.A. 60-2101(*d*) was not an available procedure for judicial review of BOTA orders involving the payment of taxes under protest made pursuant to K.S.A. 79-2005. The trial court sustained the motion, concluding that the proper venue was in Johnson County and that the proper statutory remedy for an appeal was under K.S.A. 74-2426. The county officials have appealed to this court from the order dismissing their appeal.

The basic issue for determination on the appeal is whether K.S.A. 60-2101(*d*) affords to county taxing officials an appeal from an order of BOTA granting relief to a taxpayer in a protest action filed pursuant to K.S.A. 79-2005. The district court held that K.S.A. 74-2426 was the proper statute to be used for judicial review in this case. That statute requires an appeal to be taken to the county where the land is situated, which in this case is Johnson County rather than Shawnee County. We have concluded that the trial court correctly dismissed the appeal. However, the court was in error in holding that an appeal was afforded under the provisions of K.S.A. 74-2426. This court has consistently held that K.S.A. 74-2426 affords an appeal to the district court only in cases which originate elsewhere and are appealed to BOTA. That statute does not afford an appeal to the district court in proceedings brought originally before BOTA. *Union Pacific Railroad Co. v. Sloan,* 188 Kan. 231, 361 P.2d 889 (1961); *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 360 P.2d 29 (1961). The county officials contend that those cases are no longer the law, K.S.A. 74-2426 having been amended since those cases were decided. The statutory language in K.S.A. 74-2426, which allows district court review of a BOTA order in any *appeal,* has survived despite the legislative opportunities for amendment. Although K.S.A. 74-2426 was amended in 1969, 1971, 1972, and 1978, in none of those amendments did the legislature consider it desirable to change the statutory language to correct the judicial interpretation in the cases cited above. Hence, we hold that K.S.A. 74-2426 does not afford a right of appeal in a protest action filed originally in the board of tax appeals pursuant to K.S.A. 79-2005.

We have likewise concluded that K.S.A. 60-2101(*d*) is not an available procedure for appeal in this case, because, in matters

involving the valuation of real property for assessment purposes, the board of tax appeals is acting administratively, not judicially or quasi-judicially. It is important to note that the language of K.S.A. 60-2101(*d*) permits an appeal from a judgment rendered or a final order made by an administrative board or officer only when that board or officer is exercising *judicial* or *quasi-judicial* functions. Matters of assessment for taxation are administrative in nature, not judicial or quasi-judicial. *Vaughn v. Martell,* 226 Kan. 658, 603 P.2d 191 (1979); *In re Chicago, R. I. & P. Rly. Co.,* 140 Kan. 465, 37 P.2d 7 (1934); *Symns v. Graves,* 65 Kan. 628, 70 Pac. 591 (1902).

As noted above, this case involves an original proceeding filed in the board of tax appeals pursuant to K.S.A. 79-2005. That statute specifically provides for and controls the right of action in the district court in cases where taxpayers pay their taxes under protest. K.S.A. 79-2005(2) provides in part as follows:

"(2) Every taxpayer protesting the payment of taxes, within thirty (30) days after filing his or her protest shall either commence an action for the recovery thereof in some court of competent jurisdiction, or file an application with the state board of tax appeals, . . . for a hearing on the validity of such protest. . . .

"No action shall be brought or maintainable in any court for the recovery of any taxes paid under protest unless the same is commenced within thirty (30) days after the filing of such protest with the county treasurer, or, in case application shall have been filed with the board as hereinbefore set out, unless the same is commenced within thirty (30) days after the date the board mailed its order on such protest to such taxpayer."

It is clear that K.S.A. 79-2005 affords the exclusive remedy available for review in cases where taxes are paid under protest. No appeal is provided county taxing officials in that statute. The taxpayer may either file an action directly in the district court or, in the alternative, file an application for a hearing with the state board of tax appeals. If the state board of tax appeals grants relief to the taxpayer, and he is satisfied, that ends the matter, since K.S.A. 79-2005 does not give to county officials the right to appeal to the district court in such cases. *Sprague Oil Service v. Fadely,* 189 Kan. 23, 367 P.2d 56 (1961). If the *taxpayer* is not satisfied with the order made by the board of tax appeals, he has a remedy by filing an action directly in the district court.

For the reasons set forth above, we have concluded that the district court of Shawnee County was correct in dismissing the appeal of the Johnson County officials in this case, since no right

of appeal was afforded them either under K.S.A. 74-2426, 60-2101(*d*), or 79-2005.

The judgment of the district court is affirmed.