(619 P.2d 344)
No. 50,995

Kansas City District Advisory Board, Church of the Nazarene, *Appellee*, v. Board of County Commissioners of Johnson County, Kansas, *et al., Appellants.*

Opinion filed November 26, 1980.

*Bruce F. Landeck* and *Bernis G. Terry,* Special Assistant County Counselors, and *Lyndus A. Henry,* County Counselor, for the appellants.

*Eugene T. Hackler* and *Robert C. Londerholm,* of Hackler, Londerholm, Speer, Austin & Holliday, of Olathe, for the appellee.

Before Parks, P.J., Abbott and Rees, JJ.

Parks, J.: Plaintiff, Kansas City District Advisory Board, Church of the Nazarene, initiated this action by filing three original applications with the State Board of Tax Appeals (Board) for the abatement of property taxes. The Board denied the applications and plaintiff filed an appeal in district court pursuant to K.S.A. 1979 Supp. 74-2426 and 60-2101(*d*). Plaintiff amended its notice of appeal to include a prayer for injunctive relief but both the district court and the parties regarded the action as an appeal. The district court reviewed the record of the Board proceedings and reversed, granting the abatement. The defendants (Board of County Commissioners, the county appraiser, and the county

treasurer of Johnson County, Kansas) now appeal the decision and jurisdiction of the district court.

For ease of reference, the appellants will be referred to in this opinion as the County or the defendants. Plaintiff shall be referred to as the Church.

In *In re Lakeview Gardens, Inc.,* 227 Kan. 161, 605 P.2d 576 (1980), the Supreme Court held that K.S.A. 1979 Supp. 74-2426, governing appeals from orders of the Board of Tax Appeals, was inapplicable to original actions for relief from tax grievances. The Court went on to hold that K.S.A. 1979 Supp. 60-2101(*d*) did not apply to appeals from the Board nor did it enlarge the limited right of appeal provided in K.S.A. 1979 Supp. 74-2426. That decision would compel dismissal of this appeal for lack of jurisdiction in the district court but for the intervening amendment of K.S.A. 1979 Supp. 74-2426 by L. 1980, ch. 236 (H.B. 3228). This enactment gives the district courts jurisdiction to consider appeals of original proceedings. Furthermore, subsection (*f*) of the amendment acts to preserve appeals which may have been dismissed in the intervening months between the effective date of the amendment and the decisions limiting appeals. *Board of Johnson County Comm'rs v. Ameq, Inc.,* 227 Kan. 93, 605 P.2d 119 (1980); *In re Lakeview Gardens, Inc.,* 227 Kan. at 166. This revivor clause was upheld against constitutional challenge in *Board of Greenwood County Comm'rs v. Nadel,* 228 Kan. 469, 618 P.2d 778 (1980).

H.B. 3228 became effective on April 16, 1980, while this appeal was still pending before our court. The revivor clause in subsection (*f*) is not applicable since this action was never dismissed. However, it is an accepted rule of statutory construction that when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after the change. *Nitchals v. Williams,* 225 Kan. 285, 291, 590 P.2d 582 (1979). In *Nadel,* it was held that the amendment of K.S.A. 1979 Supp. 74-2426 was merely a procedural change which did not create new liability or affect vested rights. Accordingly, we hold that the trial court had jurisdiction over the appeal and that H.B. 3228 compels our consideration of this case on the merits.

Turning to the substance of defendants' appeal, the County claims that it was not given the opportunity to brief and argue the substantive merits of this case before the trial court; in particular,

the applicability of *Trustees of Marsh Foundation v. Railway Co.,* 116 Kan. 175, 225 Pac. 1029 (1924). This case had been pending for nearly four years. The record reveals a thorough review and consideration of *Marsh* by both the Board and the trial court. Although it perhaps would have been better practice to have dealt with the procedural matters first and then to have received memoranda on the substantive issues, under the circumstances it cannot be said that the trial court erred in entering judgment when it did.

Defendants also claim that the trial court erred in failing to apply the doctrine of *Marsh* to the facts of this case. In *Marsh,* the trustees of a children's home in Ohio sought to have a bequest, consisting of stock in a Kansas corporation, declared exempt from Kansas inheritance taxes. The Court held that the constitutional and statutory exemptions for charitable, educational and benevolent organizations apply only to Kansas institutions and not to those of another state. While it is true that the institution involved in this case is incorporated outside of this state, we agree with the trial court that *Marsh* is distinguishable. The plaintiff Church clearly operates in Kansas, and the property in question is used by both Kansas and Missouri residents; thus, the benefit to Kansas residents is not remote. Furthermore, the rationale expressed in *Marsh* that only organizations which offer community services which the state would otherwise have to provide should enjoy tax-exempt status, is not applicable to a religious institution. The state is constitutionally prohibited from such religious involvement. Therefore, we hold that the trial court did not err in failing to deny exemption on the basis of *Marsh.*

We now address the issue of whether the trial court erred in holding the plaintiff's property exempt from taxation. When, as here, the controlling facts are based upon the transcript of the Board, this court has as good an opportunity to examine and consider the evidence as did the trial court, and to determine what the facts establish. See *Clark Equip. Co. v. Hartford Accident & Indemnity Co.,* 227 Kan. 489, 491, 608 P.2d 903 (1980).

The Kansas Constitution provides in part:

"All property used exclusively for . . . educational . . . [or] religious . . . purposes . . . shall be exempted from property taxation." Kan. Const., art. 11, § 1.

The statutory enumeration of specific property to be exempted is as follows:

"The following described property, to the extent herein specified, shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

"*First.* All buildings used exclusively as places of public worship  .  .  .  and used exclusively for the accommodation of  .  .  .  religious meetings, together with the grounds owned thereby if not leased or otherwise used with a view to profit.

"*Second.* All real property  .  .  .  actually and regularly used exclusively for  .  .  .  educational  .  .  .  [or] religious purposes  .  .  .  ." K.S.A. 79-201.

Under both the provisions, property must be "used exclusively" for the exempt purpose to qualify for the tax-free status. Moreover, the used-exclusively requirement must be strictly construed according to the following rules:

"(1)   Constitutional and statutory provisions exempting property from taxation are to be strictly construed.

"(2)   The burden of establishing exemption from taxation is on the one claiming it.

"(3)   The exemption from taxation depends solely upon the exclusive use made of the property and not upon the ownership or the character, charitable or otherwise, of the owner." *In re Board of Johnson County Comm'rs,* 225 Kan. 517, 519, 592 P.2d 875 (1979), citing *Lutheran Home, Inc. v. Board of County Commissioners,* 211 Kan. 270, 505 P.2d 1118 (1973).

"The phrase 'used exclusively' in the constitution and statute means that the use made of the property sought to be exempted from taxation, must be only, solely and purely for the purposes stated, and without participation in any other use." *Seventh Day Adventist v. Board of County Commissioners,* 211 Kan. 683, Syl. ¶ 2, 508 P.2d 911 (1973).

Bearing these rules in mind, we turn to the record in this case. The church property which plaintiff sought to exempt from taxation includes three contiguous tracts of land totaling 22 acres. The district office of the church and an auditorium used for church meetings and worship are located on the property. In addition, camping facilities consisting of cabins, a dining hall, swimming pool, lake, basketball court and a caretaker's residence are also located on the property.

The administrative offices are exempt from taxation under the rationale of *Trustees of the United Methodist Church v. Cogswell,* 205 Kan. 847, 473 P.2d 1 (1970). Similarly, the evidence regarding the auditorium revealed that its only use was for worship services and religious meetings. Therefore, the record established that

both buildings were used exclusively for religious purposes and they were properly held exempt.

The caretaker's residence stands on a different footing. There was no evidence that it was used for church-related activities or that it was used in any way other than as a residence. In an analogous situation in *Seventh Day Adventist,* 211 Kan. at 694, the Court held that the residences of teachers at a parochial school were not exempt because no regular educational activities took place in the homes. We conclude that the trial court erred in holding the caretaker's residence exempt.

The remaining church camp and its grounds are not readily characterized as exempt or nonexempt. This camp serves a mixed religious, educational and recreational purpose. Testimony indicated that, "[I]t is generally for the combination of activities for children, and youth, and worship, and instruction, but recreation as well." The fact that camp participants enjoy recreational activities whether incidental or in addition to religious instruction does not dilute the exclusively religious purpose of the camp.

However, testimony indicated that groups from outside the church use the camp for a nominal fee. There was no evidence that this use was solely for religious purposes rather than secular recreation. Because it was plaintiff's burden to prove that the camp was used exclusively for exempt purposes, we must hold that the trial court erred in abating taxation of the camp.

We conclude that the trial court correctly exercised jurisdiction and affirm its decision concerning the application of *Marsh.* However, we must reverse the trial court's order of abatement insofar as the church camp and caretaker's residence were held to be exempt.