No. 53,459

LAKEVIEW VILLAGE, INC., Formerly Known as EVANGELICAL VILLAGE AND BIBLE CONFERENCE, INC., *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS: CLAY L. WIRT, JOHN J. FRANKE, JR., and ROBERT R. DAVIS, as Commissioners thereof; EDNA C. CRAIG, County Treasurer of Johnson County; and PRATHER H. BROWN, County Assessor of Johnson County, *Appellants*.

(659 P.2d 187)

Opinion filed February 19, 1983.

*Bernis G. Terry,* assistant county counselor, of Olathe, argued the cause, and *Lyndus A. Henry,* county counselor, was with him on the briefs for the appellants.

*Robert C. Londerholm,* of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, argued the cause, and *Eugene T. Hackler,* of the same firm, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This case is here on a Petition for Review of an unpublished decision of the Court of Appeals filed August 12, 1982. The case stems from an appeal filed by Lakeview Village, Inc. (plaintiff-appellee) in the District Court of Johnson County from an order of the Board of Tax Appeals (BOTA) denying the plaintiff's application for recovery of the first half of its 1974 property taxes paid under protest, and denying its tax grievance application to receive an exemption from further taxation.

The complicated sequence of events engendered by various statutes and court decisions leads to but one simple issue. On December 20, 1974, plaintiff filed a tax grievance with the BOTA seeking exempt status for 1974 property taxes and subsequent

years, pursuant to K.S.A. 1974 Supp. 79-1702. At the same time plaintiff paid the first half of its 1974 property taxes under protest. In January 1975 the plaintiff elected to file its protest action for refund of its taxes with the BOTA, pursuant to K.S.A. 1974 Supp. 79-2005. The protest and grievance actions were presented on April 30, 1975, at a consolidated hearing before the BOTA. By order certified July 25, 1975, the Board denied plaintiff's request for relief on both counts. Plaintiff then filed a motion for rehearing pursuant to K.A.R. 1970 Supp. 94-1-9, which provided that a rehearing before the Board could be requested within 30 days of an order of the Board. This motion was denied by order certified on September 19, 1975. However, on September 24, 1975, plaintiff's attorney was notified by the Board that the application for rehearing on the tax grievance would be heard on October 28, 1975. (Apparently the mailing of the September 19, 1975, order was an administrative error.)

Confused as to whether or not a hearing had been formally revoked or withdrawn, because the order purporting to deny the rehearing had not actually been revoked, *the plaintiff filed an action in the district court on October 20, 1975, under K.S.A. 1975 Supp. 79-2005, appealing the order of the BOTA denying the requested relief.* The rehearing application was actually considered by the BOTA on October 29, 1975. In an order certified on November 21, 1975, the BOTA reaffirmed its order of September 19, 1975, denying the application for rehearing. There is evidence in the record that the BOTA denied the application for rehearing without considering the merits upon being informed by counsel for Lakeview Village at the hearing on October 29, 1975, that an action had been filed in the district court appealing the BOTA's order. It was the practice of the BOTA at that time to refuse to proceed on an application for rehearing once an action on the same matter was filed in the district court. The order of November 21, 1975, denying the rehearing included the docket numbers of both the tax grievance and tax protest applications.

The plaintiff's action filed in the district court on October 20, 1975, was *dismissed on November 15, 1976, for lack of prosecution. On November 24, 1976, plaintiff filed this action, alleging in substance the same matters as in the earlier case, asserting the right to do so pursuant to K.S.A. 60-518.*

The district court rendered its opinion in this case on May 27, 1981. From the record it appears the district court postponed its decision awaiting the outcome of a separate tax grievance action pending before the BOTA concerning the plaintiff's tax exempt status for 1975 and subsequent years.

The plaintiff filed a second tax grievance application in 1977 with the Board covering the tax years beginning in 1975. In an order issued July 8, 1980, the BOTA granted plaintiff's request for an exemption "for the years 1975 through 1979 and from January 1, 1980 through December 31, 1980 and so long as they are owned by the applicant and used for the above stated purposes."

The district court ordered the plaintiff's application for relief be remanded to the BOTA and a rehearing granted. The sole issue presented for review is whether the district court had jurisdiction to entertain the appeal from the order of the Board of Tax Appeals denying relief in the tax protest and tax grievance actions.

The appellee's discourse in its brief on the merits of the district court's order is immaterial to this appeal in light of the fact the appellants are only contesting the district court's jurisdiction and have not challenged the merits of the court's decision. The jurisdiction of the district court was the sole issue discussed in the Court of Appeals opinion and the sole issue presented by the appellee in its Petition for Review.

The statutes in effect at the time this action was filed in the district court, K.S.A. 74-2426 (Weeks) (governing appeals to the district court from orders of the Board of Tax Appeals) and K.S.A. 1975 Supp. 79-2005 (setting forth the procedures available for recovery of taxes paid under protest) were amended in 1980 while this action was pending in the district court. (See L. 1980, ch. 236, § 1 [74-2426] and L. 1980, ch. 315, § 1 [79-2005].) The procedure to recover taxes paid under protest was significantly revised (see K.S.A. 1982 Supp. 79-2005) and the jurisdiction of the district court to hear appeals from orders of the BOTA in tax grievance and tax protest actions was greatly enlarged. (See K.S.A. 74-2426 [Ensley].)

Prior case law leaves no doubt that under those statutes in effect when this action was filed the district court did not have jurisdiction to hear an appeal from the order of the BOTA in

either the tax grievance or tax protest actions. In *In re Lakeview Gardens, Inc.,* 227 Kan. 161, 166, 605 P.2d 576 (1980), this court determined that K.S.A. 1979 Supp. 74-2426, governing appeals from the BOTA, did not authorize appeals to the courts from a tax grievance proceeding filed before the BOTA pursuant to K.S.A. 79-1702. See also *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 704, 360 P.2d 29 (1961); *Union Pacific Railroad Co. v. Sloan,* 188 Kan. 231, 233, 361 P.2d 889 (1961); *Board of Johnson County Comm'rs v. Ameq, Inc.,* 227 Kan. 93, 94, 605 P.2d 119 (1980). It was further held that K.S.A. 1979 Supp. 60-2101(*d*), the omnibus statute authorizing appeals from decisions of administrative agencies, did not authorize appeals from an order of the BOTA and did not enlarge the limited right of appeal provided by K.S.A. 74-2426 (Weeks). *In re Lakeview Gardens, Inc.,* 227 Kan. at 172. It is clear that no right of appeal existed from the order of the BOTA on the appellee's tax grievance proceeding filed before the BOTA as an original action pursuant to K.S.A. 1974 Supp. 79-1702.

The appeal from the Board's order on the plaintiff's tax protest action was filed in the district court pursuant to K.S.A. 1975 Supp. 79-2005, which provided in pertinent part:

"Every taxpayer protesting the payment of taxes, within thirty (30) days after filing his protest shall either commence an action for the recovery thereof in some court of competent jurisdiction, or file an application with the state board of tax appeals, on forms approved by the state board of tax appeals and provided by the county treasurer, for a hearing on the validity of such protest. . . .

"No action shall be brought or maintainable in any court for the recovery of any taxes paid under protest unless the same is commenced within thirty (30) days after the filing of such protest with the county treasurer, or, in case application shall have been filed with the board as hereinbefore set out, unless the same is commenced within thirty (30) days after the date the board mailed its order on such protest to such taxpayer."

Under this statute a taxpayer seeking a refund of taxes paid under protest could file either an original action with the BOTA *or* an independent action in the district court. An action filed pursuant to 79-2005 is not to review the proceedings of the county board, but an independent action to recover taxes paid under protest. The action also is not one to review the proceedings of the BOTA. *Anderson v. Dunn,* 189 Kan. 227, 228, 368 P.2d 6 (1962).

Where a taxpayer elected to bring his action before the BOTA and was dissatisfied with the Board's order on the protest,

79-2005 provided a remedy by authorizing the taxpayer to commence an action in the district court within 30 days of the order. K.S.A. 79-2005 exclusively governed the remedy available *for review* in cases where taxes were paid under protest. *Board of Johnson County Comm'rs v. Ameq, Inc.*, 227 Kan. at 95.

The remedy afforded by 79-2005 was merely cumulative and was not an exclusive remedy for seeking a refund of illegally or erroneously assessed taxes. It remained available when other proceedings were pending between the parties or when other proceedings were possible. *Panhandle Eastern Pipe Line Co. v. Herren*, 207 Kan. 400, 403, 485 P.2d 156, *modified* 208 Kan. 119 (1971); *Addington v. Board of County Commissioners*, 191 Kan. 528, 533, 382 P.2d 315 (1963); *Board of Park Commissioners v. Board of County Commissioners*, 206 Kan. 438, 445, 480 P.2d 81 (1971). Consequently it was held that a taxpayer need not exhaust available administrative remedies prior to filing a judicial action under 79-2005 to recover taxes paid under protest. *Board of Park Commissioners v. Board of County Commissioners*, 206 Kan. 438, Syl. ¶ 4.

It has often been stated that courts have no inherent appellate jurisdiction over official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review. See *In re K-Mart Corp.*, 232 Kan. 387, Syl. ¶ 3, 654 P.2d 470 (1982); *Brinson v. School District*, 223 Kan. 465, 467, 576 P.2d 602 (1978); *In re Lakeview Gardens, Inc.*, 227 Kan. 161, Syl. ¶ 9. The right to appeal from taxing agencies is specifically limited to the statute providing for such appeal and an appellant must clearly bring himself within the provisions of the statute to maintain his right of appeal. *Vaughn v. Martell*, 226 Kan. 658, 660, 603 P.2d 191 (1979). The time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal. 226 Kan. at 661. In *Williams v. Board of County Commissioners*, 192 Kan. 548, 551, 389 P.2d 795 (1964), this court held that the 30-day time limit for bringing a protest action contained in K.S.A. 79-2005 was to be strictly construed, and there could be no tolling of the limitation period. The taxpayer in *Williams* was precluded from maintaining an action under 79-2005 to recover taxes where it was commenced 31 days after filing his protest. See also *State, ex rel., v. Board of County Comm'rs*, 172 Kan. 601, 607, 242 P.2d 527 (1952).

Under the plain language of K.S.A. 1975 Supp. 79-2005, Lakeview Village had 30 days from the Board's order certified on July 25, 1975, to bring an action in the district court. It failed to do this. Instead, it opted to file a motion for a rehearing before the BOTA, as provided by K.A.R. 1970 Supp. 94-1-9. The fact that this regulation made it possible for an aggrieved taxpayer to have a rehearing before the BOTA did not toll the limitation period of filing a judicial action contained in 79-2005 as the appellee asserts, nor did it have the effect of requiring the taxpayer to exhaust his administrative remedies and receive a "final" order from the Board before proceeding to the district court. As our cases interpreting the provisions of 79-2005 have held, the limitation period contained in the statute cannot be tolled and exhaustion of administrative remedies is not required. Although the BOTA is given authority under K.S.A. 74-2437(c) "to adopt rules and regulations relating to the performance of its duties and *particularly with reference to procedure before it on hearings and appeals*" (emphasis added), this grant of authority is qualified by the rule that regulations adopted by administrative bodies must be within its statutory authority and may not contravene or nullify a controlling statutory enactment. *Kansas Commission on Civil Rights v. City of Topeka Street Department,* 212 Kan. 398, 401, 511 P.2d 253, *cert. denied* 414 U.S. 1066 (1973). An administrative rule or regulation which goes beyond that which the legislature had authorized, or which violates the statute, is void. *Marcotte Realty & Auction, Inc. v. Schumacher,* 225 Kan. 193, Syl. ¶ 3, 589 P.2d 570 (1979). The regulation providing for a hearing before the BOTA, 94-1-9, could not be construed as having the effect of tolling the limitation period in 79-2005, as this would contravene the clear language and intent of 79-2005, and thus would be invalid.

Lakeview Village filed their original action in the district court on October 20, 1975, 87 days after the Board's order denying relief certified on July 25, 1975. Under K.S.A. 1975 Supp. 79-2005 the appeal to the district court in the tax protest action was untimely filed and the district court therefore lacked jurisdiction over both the tax protest and tax grievance actions at the time they were brought in the district court. A motion to dismiss for lack of jurisdiction brought in the district court at that time by the appellants undoubtedly would have been successful.

Difficulty is encountered in this case, however, because of the amendments to K.S.A. 79-2005 and 74-2426 enacted during the 1980 legislative session while this case was pending in the district court and prior to the court's decision. As noted in *In re K-Mart Corp.*, 232 Kan. 387, it appears obvious that the amendments to K.S.A. 74-2426 were enacted in direct response to our opinion in *In re Lakeview Gardens, Inc.* The amendment to 74-2426 changed the procedure for taking appeals from all orders of the BOTA. It provides in pertinent part:

"(a) Whenever the board of tax appeals shall enter its final order on any appeal or in any proceeding under the tax protest, tax grievance, tax exemption statutes or any original proceeding before the board other than the above cases said board shall make written findings of fact forming the basis of such determination and final order and such findings shall be made a part of such final order. . . .

"(b)(1) No appeal shall be taken from a final order of the board unless the aggrieved party shall have first filed a motion for rehearing of that order with the board and the board shall have granted or denied the motion for rehearing, or thirty days shall have lapsed from the filing of that motion with the board, from which it shall be presumed that the board had denied the motion. Any order issued by the board following a rehearing shall become the final order of the board.

"(2) Within thirty days following the certification of any final order of the board, on such motion for rehearing, any aggrieved party in such appeal or proceeding may appeal to the district court of the proper county.

. . . .

"(4) This statute shall be exclusive in determining appeals taken from all decisions of the board of tax appeals after the effective date of this act and shall exclusively govern the procedure to be followed in taking any appeal from the board of tax appeals from and after such date."

The statute also includes a "grandfather clause" which provides:

"(f) *The district courts of this state and its appellate courts shall have jurisdiction to hear and determine any appeals, or purported appeals, which may have been dismissed after January 1, 1980, but before the effective date of this act, from final orders of the board of tax appeals concerning tax protests, tax grievances,* tax exemption statutes or original proceedings before the board under the provisions of K.S.A. 1980 Supp. 60-2101, subsections (a), (b) and (d), or any of their statutory predecessors, under the provisions of K.S.A. 74-2426, or any of its statutory predecessors, or under the provisions of K.S.A. 1980 Supp. 79-2005, or any of its statutory predecessors. *Such jurisdiction shall be exercised by the courts in all cases where such appeals, or purported appeals, have not been finally disposed of either* (1) upon the merits thereof or, (2) for lack of substantial compliance with the requirements for appeal under the statutes mentioned above or (3) *upon some grounds other than the dismissal thereof on*

*the basis of the purported lack of any appellate jurisdiction over such appeal.* Any appeal or purported appeal from such final order of the board under any of the statutes mentioned above which may have been dismissed, or which may hereafter be dismissed, by a district court or appellate court on the basis that the statutes mentioned above, or any of them, did not apply to such appeal, shall be reinstated before such court immediately upon the request of any party to such appeal, and the courts shall thereafter exercise further appellate jurisdiction over such appeal in the same manner and to the same extent as if such appeal had not been dismissed." (Emphasis added.)

This statute became effective April 16, 1980.

K.S.A. 1980 Supp. 79-2005 eliminated direct filing of tax protest applications in the district court, and instead required an aggrieved taxpayer to proceed first before the BOTA with a right of appeal to the district court.

The district court recognized relevant law at the time the action was filed in 1975 did not allow for an appeal to the district court in a tax grievance proceeding, but held it had jurisdiction to consider the tax grievance dispute because the BOTA had consolidated the grievance and protest actions for purposes of its decision, and because the intervening amendment of 74-2426 evidenced legislative intent to enlarge remedies available to plaintiffs by granting district courts jurisdiction to consider appeal in tax grievance proceedings. The court further held the appeal was timely filed under K.S.A. 1975 Supp. 79-2005 in that the "order" of the Board referred to in K.S.A. 1975 Supp. 79-2005 was reasonably construed to mean the final order issued by the Board following a rehearing or denial thereof, in light of the 1980 amendment of 74-2426 which explicitly so provided. Therefore the trial court held the appeal filed October 20, 1975, was filed within 30 days after the BOTA's denial on appellee's motion for rehearing.

Addressing only the issue as to whether the appeal was timely filed, the Court of Appeals reversed, holding the district court lacked jurisdiction because the appeal was not filed within the time limit clearly set forth in K.S.A. 1975 Supp. 79-2005, and the rehearing provided by K.A.R. 1970 Supp. 94-1-9(a) was immaterial in that exhaustion of administrative remedies was not required under the statute. No reference to the 1980 amendments to 79-2005 or 74-2426 appears in the opinion.

The construction and effect of K.S.A. 74-2426(f) (Ensley) is important. Ordinarily, a statute will be construed to operate

prospectively unless its language clearly indicates that the legislature intended it to operate retrospectively. This rule is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. Where a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure whether they accrued before or after such change of law and whether or not the suit has been instituted, unless there is a savings clause as to existing legislation. *Davis v. Hughes,* 229 Kan. 91, Syl. ¶¶ 6, 7, 622 P.2d 641 (1981); *In re Estate of Laue,* 225 Kan. 177, 187-88, 589 P.2d 558 (1979); *Nitchals v. Williams,* 225 Kan. 285, Syl. ¶¶ 1-3, 590 P.2d 582 (1979).

In *Board of Greenwood County Comm'rs v. Nadel,* 228 Kan. 469, 480, 618 P.2d 778 (1980), we held that section (*f*) of 74-2426 as amended, providing for retroactive application of the 1980 amendment, was constitutional. There an appeal was brought to this court from a dismissal of an action brought in the district court under K.S.A. 1975 Supp. 79-2005, concerning 1975 ad valorem taxes paid under protest. We filed an unpublished opinion on April 5, 1980, affirming the district court's dismissal of the case and later granted a rehearing on May 27, 1980. The 1980 amendments to 74-2426 became effective while the motion for rehearing was pending before this court. It was argued that the amendment did not apply to that case because under decisional law existing when the order of the BOTA was entered no appeal was possible and the Board's order was final. We disagreed, holding that it was the clear intent of the legislature to have the review provisions of 74-2426 apply to cases pending at the time the amendment became effective on April 16, 1980, or retroactively apply to those cases dismissed between January 1, 1980, and the effective date of the amendment. *Board of Greenwood County Comm'rs v. Nadel,* 228 Kan. at 472-73, 480.

Similarly, in *Kansas City Dist. Advisory Bd. v. Board of Johnson County Comm'rs,* 5 Kan. App. 2d 538, 539, 620 P.2d 344 (1980), it was held the 1980 amendments to 74-2426 were applicable to an appeal pending before the Court of Appeals when the amendment became effective.

It is also apparent from the legislative history of the 1980 amendments to 74-2426 that subsection (*f*) was added to ensure

that pending appeals would fall under the new procedure. Minutes, House Committee on Assessment and Taxation, March 7, 1980, p. 2.

Arguably on the authority of the above two cases the district court had jurisdiction to hear the merits of the action filed October 20, 1975, pursuant to K.S.A. 1975 Supp. 79-2005, appealing the order of July 25, 1975, denying relief, after the enactment of the 1980 amendments. In those cases it was held the amendment acted to confer jurisdiction over the action in the court before which it was pending. Accordingly, if it be assumed the taxpayers' action filed October 20, 1975, was pending when the district court decided the case on May 27, 1981, the district court obtained jurisdiction over the appellee's tax protest and tax grievance actions at that time.

The appellants maintain the appeal filed in the district court was not intended by the appellee to be brought under any of the statutes specified in 74-2426(f), and it therefore is inapplicable to the present case. This argument is apparently founded upon the appellee's assertion in its brief on appeal that its action filed in the district court was broader than an appeal from the order of the BOTA, in that it additionally requested injunctive and declaratory relief from the actions of the appellants. The appellee's assertion that its action was an independent action seeking declaratory and injunctive relief is based on prior case law holding that while appeal may not be available to a taxpayer, a direct action for injunction, quo warranto, mandamus or declaratory judgment may be utilized to seek redress for illegal, fraudulent or oppressive official conduct. *In re Lakeview Gardens, Inc.*, 227 Kan. at 172; *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. at 703.

It is clear from the record before the court that this action has been treated throughout as an appeal from the order of the BOTA by both parties, the district court and the Court of Appeals. The appellee made the following assertions in its petition:

"5. That in view of the matters noted in paragraph 4, above, plaintiff now brings this action in the District Court *to completely protect its right of review of this matter by the District Court,* through an abundance of caution, and without prejudice to its going forward with the rehearing of the matter before the Board of Tax Appeals now docketed for October 28, 1975.

. . . . .

"7. That the action of the Board of Tax Appeals in denying plaintiff's grievance

and protest applications, and any subsequent denial of application for rehearing, if any such action was taken, were arbitrary, unreasonable and capricious, and further denied plaintiff its right to due process and equal protection of the law under the constitutions of the State of Kansas and of the United States."

The appellee steadfastly maintained throughout the proceedings before the district court and the Court of Appeals that this action was filed in the district court under the provisions of K.S.A. 1975 Supp. 79-2005 seeking a review of the BOTA's order on the consolidated tax grievance and tax protest actions. Neither the appellants nor the district court questioned that this action was anything other than an action under 79-2005 to review the order of the BOTA.

K.S.A. 74-2426(*f*) (Ensley) confers jurisdiction over any appeal or *purported appeal* in tax grievance or tax protest proceedings which may have been dismissed "on the basis that the statutes mentioned above [K.S.A. 60-2101, 74-2426, or 79-2005] . . . did not apply to such appeal." The section further applies to cases filed before the BOTA under the provisions of K.S.A. 74-2426 and K.S.A. 1980 Supp. 79-2005 and any of their statutory predecessors, and which have not been finally disposed of on appeal, *inter alia,* "for lack of substantial compliance with the requirements for appeal under the statutes mentioned above." Here the tax grievance and tax protest actions were properly filed before the BOTA under the provisions of K.S.A. 74-2426 (Weeks) and K.S.A. 1975 Supp. 79-2005, respectively. Assuming this case was pending, it was never finally disposed of on appeal for lack of substantial compliance with the requirements for appeal under those statutes. The appellee's original appeal was filed in the district court within 30 days after the final order of the BOTA was rendered denying the appellee's motion for rehearing. While K.S.A. 1975 Supp. 79-2005 did not apply to tax grievance proceedings and did not require a taxpayer to obtain a final order from the BOTA before filing an appeal in district court in tax protest actions, the appellee clearly *purported* to bring an appeal from the Board's final order on the consolidated protest and grievance actions under that statute. The procedure followed by the appellee is the exact procedure for appeal now required by K.S.A. 74-2426(*b*) (Ensley). Under the plain language of 74-2426(*f*), although this appeal was defective under those statutes in effect when it was filed, the district court arguably obtained jurisdiction to hear the appel-

lee's purported appeal pending before the court when the 1980 amendment to K.S.A. 74-2426 became effective.

What is the effect of the dismissal of the appellee's original action on November 15, 1976, for lack of prosecution *and the subsequent filing of this action on November 24, 1976, alleging in substance the same matters as in the dismissed action?* K.S.A. 60-518 provides in part:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action with six (6) months after such failure."

The appellants contend the 30-day limitation period contained in K.S.A. 1975 Supp. 79-2005 was not merely a limitation upon the remedy provided therein, but limited the right to bring an action to recover taxes paid under protest, and therefore K.S.A. 60-518 could not be used to toll the limitation period provided in the statute for bringing an action for recovery of taxes.

Generally, statutes permitting a new action to be brought after the expiration of the applicable statute of limitations upon the failure of a previous action commenced within that period, so-called saving or renewal statutes, have been held not to apply to statutes creating new causes of action which did not exist at common law. The time limits prescribed within such statutes are regarded as limitations upon the right itself, so that when the time expires, the right to bring such an action is extinguished. See 51 Am. Jur. 2d, Limitation of Actions § 309; *Bowles v. Portelance,* 145 Kan. 940, 941, 67 P.2d 419 (1937); *Berkley v. Tootle,* 62 Kan. 701, 703, 64 Pac. 620 (1901).

The parties have filed extensive briefs on the question whether or not the right to bring a tax protest action for recovery of taxes existed at common law. The appellee directs our attention to numerous cases decided by this court which recognized the right to maintain an action to recover void or illegal taxes prior to the enactment of the tax protest statute in 1929.

While it is true at common law an action existed for the recovery of illegal taxes paid involuntarily under duress, 72 Am. Jur. 2d, State and Local Taxation § 1064, no such right existed for taxes voluntarily paid simply under protest. 72 Am. Jur. 2d, State and Local Taxation §§ 1065, 1079, 1082. In the absence of statutory authority, an action for recovery of taxes will lie only where

the payment of such taxes was involuntarily made under duress or compulsion. 72 Am. Jur. 2d, State and Local Taxation § 1079.

The cases cited to us by the appellee do not establish that a right existed at common law for the recovery of taxes paid merely under protest. Rather, the issue in each of those cases concerned the recovery of an illegal tax involuntarily paid. See, *e.g., K.P. Rly. Co. v. Comm'rs of Wyandotte Co.,* 16 Kan. 587, 597-600 (1876); *Ottawa University v. Stratton,* 85 Kan. 246, 249, 116 Pac. 892 (1911); *Railway Co. v. City of Humboldt,* 87 Kan. 1, Syl. ¶ 2, 123 Pac. 727 (1912); *Douglas County v. Lane,* 76 Kan. 12, 18, 90 Pac. 1092 (1907).

The tax protest statute promulgated in 1929 (L. 1929, ch. 291) provided:

"Any person, association, partnership or corporation, before protesting the payment of his taxes, shall be required, at the time of paying said taxes, to make and file a written statement with the county treasurer clearly stating the grounds on which the whole or any part of said taxes are protested, and shall further cite any law, statute, or facts on which such taxpayer relies in protesting the whole or any part of such taxes, and shall further state the exact portion of said tax which is being protested: *Provided,* That the county treasurer is authorized to disburse to the proper county funds all portions of such taxes not protested."

This statute did not authorize the right to bring a tax protest action in the absence of an involuntary payment made under compulsion. The purpose and effect of the statute were recognized in *Dorman v. Trego County Comm'rs,* 138 Kan. 197, 199, 25 P.2d 350 (1933), where it was held:

"In our view, the legislature, in enacting the above statute, recognized the fact that where protests were made orally there could be and frequently was dispute as to the extent and sufficiency of the protest . . . To do away with all such controversy and doubt, it provided that the protest should be in writing and filed with the county treasurer. Under such statute, taxes unlawfully exacted may be recovered back when their payment is accompanied by formal written protest against the validity of the tax, *and against being compelled to pay,* and not otherwise." (Emphasis added.)

When this statute was amended in 1941 (L. 1941, ch. 374), it created, for the first time, a statutory right to maintain an action for taxes paid under protest. It provided:

"Every taxpayer protesting the payment of taxes, within thirty days after filing his protest shall either commence an action for the recovery thereof in some court of competent jurisdiction, or, file an application with the state commission of revenue and taxation for a hearing on the validity of such protest. . . . No action shall be brought or maintainable in any court for the recovery of any taxes

paid under protest unless the same is commenced within thirty days after the filing of such protest with the county treasurer, or, in case application shall have been filed with the commission as hereinbefore set out, unless the same is commenced within thirty days after the date the commission mailed its order on such protest to such taxpayer. In the event no such action is commenced within such thirty-day period, the county treasurer shall, as soon thereafter as reasonably practicable, cause said impounded tax money to be refunded to the taxpayer or distributed to the fund or taxing district properly entitled to receive the same, in accordance with the order of the commission issued thereon."

In order to maintain an action under this statute it was no longer necessary to show the taxes were paid involuntarily under compulsion as was required at common law.

The applicability of general renewal statutes to statutory actions which provide their own time limits for maintaining such actions is discussed extensively in Annot., Character or kind of action or proceeding within operation of statute permitting new action after limitation period, upon failure of timely action, 79 A.L.R.2d 1309, 1323, where it is stated:

"[T]he principle has been widely announced that causes of action created by statute — frequently characterized as actions unknown to the common law — having their own special time limitation upon commencement thereof, are not affected by general provisions of the statute of limitations. The commonly stated reasoning of the courts is that such special limitations, attached directly to the right of action created, constitute not statutes of limitations at all, but conditions precedent to the bringing of the action, especially where the language of the provision imposing the time limitation is deemed to be in conditional form."

Furthermore, it is a cardinal rule in this state that statutes complete in themselves, relating to a specific thing, take precedence over general statutes which deal only incidentally with the same question, or which might be construed to relate to it. *Chelsea Plaza Homes, Inc. v. Moore,* 226 Kan. 430, Syl. ¶ 1, 601 P.2d 1100 (1979).

Several cases from this state have applied these rules to various statutory actions. In *Howard v. State Highway Commission,* 181 Kan. 226, 228, 311 P.2d 313 (1957), it was held the then-existing saving statute, G.S. 1949, 60-311, did not apply to proceedings brought under the eminent domain statutes, which are special statutes providing for their own procedure. The saving statutes was held to have no application to an action brought under the workmen's compensation act, insofar as the procedure by which such an action may be brought was governed solely by the act, in *Terrell v. Ready Mixed Concrete Co.,*

174 Kan. 633, 642, 258 P.2d 275 (1953). In *Bowles v. Portelance,*
145 Kan. at 941, the court held the renewal statute did not apply
to wrongful death actions, stating:

"Since this is a right of action that did not exist at common law this court has
held that the limitation of two years prescribed in the act within which such
action must be commenced is a condition imposed upon the exercise of the right
of action granted and this time is not extended by the pendency and dismissal of
a former action."

See also *Bohrer v. State Highway Comm.,* 137 Kan. 925, 927, 22
P.2d 470 (1933) (action against state for highway defects); *Medill
v. Snyder,* 71 Kan. 590, 599-600, 81 Pac. 216 (1905) (will probate
proceedings); *Berkley v. Tootle,* 62 Kan. 701, 703, 64 Pac. 620
(1901) (revivor action); *Carbone v. Zoning Board of Appeals of
City of Hartford,* 126 Conn. 602, 13 A.2d 462 (1940) (appeals
from order of administrative boards).

It is clear 79-2005 created a right of action for recovery of taxes
paid under protest which did not exist at common law. Further,
at the time the appellee's action was dismissed for lack of
prosecution, K.S.A. 1975 Supp. 79-2005(2) provided in part:

"If any taxpayer so protesting his or her taxes shall fail:

. . . . .

"(*b*) to commence an action in some court of competent jurisdiction for the
recovery of the taxes protested within the time herein prescribed; such protest
shall become null and void and of no effect whatsoever."

K.S.A. 74-2426 (Ensley), which now governs appeal to the dis-
trict court, provides that it shall exclusively govern the proce-
dure to be followed in taking appeals from the BOTA.

Sufficient legislative intent is evidenced by this language that
we must conclude the time limit set forth in K.S.A. 1975 Supp.
79-2005 for bringing an appeal to the district court was not
merely a limitation on the remedy, but was a condition prece-
dent to the right to maintain an appeal. Failure to comply with
the statute would operate to bar the action. The limitation period
in K.S.A. 1975 Supp. 79-2005 cannot be extended by K.S.A.
60-518. The appellee's action therefore is barred and the trial
court had no jurisdiction to hear the case. This is in conformity
with the mandate in K.S.A. 74-2426(*f*)(3) (Ensley) — "lack of any
appellate jurisdiction."

The judgment of the Court of Appeals vacating and remanding
to the district court with directions to dismiss the action is
affirmed.