(843 P.2d 277)
No. 67,839

MIDWEST PRESBYTERY OF THE SYNOD OF THE REFORMED PRES-
BYTERIAN CHURCH OF NORTH AMERICA, *Appellant,* v. JEFFER-
SON COUNTY APPRAISER, *Appellee.*

Opinion filed December 4, 1992.

*James R. Jarrow,* of Overland Park, for appellant.

*Michael C. Hayes,* of Oskaloosa, for appellee.

Before RULON, P.J., ELLIOTT, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

RULON, J.: Plaintiff, Midwest Presbytery of the Synod of the Reformed Presbyterian Church of North America (Church), appeals from a decision of the district court which affirmed a ruling of the Board of Tax Appeals (BOTA). This ruling held that a caretaker's house located on Church-owned property is not exempt from property taxes. We reverse the judgment of the district court and remand the cause with directions.

Essentially, we must decide if the legislature's 1986 amendment in K.S.A. 79-201 *Second* expanded the definition of "exclusive use" to determine the tax-exempt status of property.

The undisputed facts reduced to their essence are as follows:

Church owns a 30-acre tract of land that is used as a church camp and which has always been tax exempt. Church has made several improvements to the camp over the years, without a change in tax-exempt status. Recently, the camp has been subject to several incidents of vandalism. In an effort to reduce these

incidents, Church decided to build a residence for a caretaker so that someone would be on the property to maintain and provide security for the camp. This caretaker's residence was built in 1989. It includes a small workshop for the camp, a storage area, and a storm shelter.

Church filed an application for tax exemption for the caretaker's building. The Jefferson County Appraiser (Appraiser) recommended that the exemption be granted. However, BOTA found that the caretaker's residence did not fall under the exemption provided by K.S.A. 79-201 *Second* for real property used for literary, educational, scientific, religious, benevolent, and charitable purposes. Accordingly, BOTA denied the exemption and ordered the county to tax the caretaker's building.

Church appealed BOTA's decision to the district court. The district court concluded as a matter of law that the caretaker's residence was not used exclusively for religious purposes and affirmed the decision of BOTA.

The law in Kansas is well settled that BOTA orders are subject to judicial review pursuant to the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* K.S.A. 1991 Supp. 74-2426(c). According to K.S.A. 77-622(c), this court shall grant relief if the agency has erroneously interpreted the law.

Church specifically claims that the legislature's amendments to 79-201 *Second* broadened the definition of "exclusive use." On the other hand, Appraiser claims that while the legislature made several amendments to 79-201 *Second*, the definition of "exclusive use" has not been expanded.

In 1986, 79-201 *Second* was amended to provide:

"This exemption shall not be deemed inapplicable to property which would otherwise be exempt pursuant to this paragraph because an agency or organization: . . . (c) *uses such property for a nonexempt purpose which is minimal in scope and insubstantial in nature if such use is incidental to the exempt purposes of this paragraph.*" (Emphasis supplied.) L. 1986, ch. 369, § 1.

Prior to the 1986 amendment, this court held that any secular use of a religious facility meant the facility was no longer being "used exclusively" for religious purposes and thus was no longer tax exempt. *Kansas City Dist. Advisory Bd. v. Board of Johnson*

*County Comm'rs,* 5 Kan. App. 2d 538, 542, 620 P.2d 344 (1980). In *Kansas City Dist. Advisory Board* we held that a religious camp lost its tax-exempt status when it allowed nonreligious groups to use the camp facilities for a nominal fee. We concluded that such a use meant the camp was no longer being used exclusively for religious purposes. 5 Kan. App. 2d at 542.

We understand that in response to our interpretation, the legislature amended 79-201 *Second* in 1986 to provide that the use of exempt property for nonexempt purposes which were minimal in scope and incidental to the exempt purposes did not destroy the property's tax exemption. Therefore, the amendment did broaden the definition of "exclusive use" to include minor secular activities incidental to religious purposes.

Here, the district court held that as a matter of law, a caretaker's residence can never be used exclusively for religious purposes. In reaching this conclusion, the court relied on *Kansas City Dist. Advisory Bd.,* 5 Kan. App. 2d 538.

A close reading of that case reveals the caretaker's house was found not exempt because it was used only as a residence and there was no evidence that any church-related activities were conducted in the building. 5 Kan. App. 2d at 542. Our conclusion there does not mean that a caretaker's house can never be exempt, but only that there was no evidence the caretaker's house was being used exclusively for religious purposes.

Furthermore, we decided *Kansas City Dist. Advisory Bd.* in 1980, before the 1986 amendment to 79-201 *Second.* Under the 1986 amendment, a caretaker's house used only incidentally as a residence may, under the proper factual circumstances, qualify as property exclusively used for religious purposes. We therefore believe the district court erred in finding that as a matter of law, a caretaker's building can never be used exclusively for religious purposes.

When determining whether an applicant is entitled to an exemption, the party claiming the exemption must show that the use of the property is clearly within the exemption. *In re Application of Int'l Bhd. of Boilermakers,* 242 Kan. 302, 305, 747 P.2d 781 (1987). Statutes granting exemptions are to be strictly construed and all doubts are to be resolved against the exemption.

*Tri-County Public Airport Auth. v. Board of Morris County Comm'rs*, 245 Kan. 301, 304, 777 P.2d 843 (1989).

There are no Kansas cases which directly address the effect of the 1986 amendment on the "exclusive use" test of K.S.A. 79-201 *Second*. While the 1986 amendment broadens the definition of exclusive use, the specific question here is whether the caretaker's residence factually fits within that definition.

We are convinced that K.S.A. 79-201 *Second* permits an owner of tax-exempt property to allow other groups to use that exempt property for a nonexempt "insubstantial use" and not forfeit the exempt status of the property. Furthermore, the amended statute permits the owner of tax-exempt property to use the exempt property for a nonexempt "insubstantial use" and not forfeit the tax-exempt status of the property. Whether the use of the exempt property for a nonexempt purpose is minimal in scope, insubstantial in nature, and incidental to exempt purposes is generally a question to be determined by the finder of fact.

In light of the above discussion, we need not reach other issues presented by the parties.

We reverse the judgment of the district court and remand the cause for further proceedings consistent with our opinion.