No. 96,734

BRANDON C. MOSER, *Appellant*, v. STATE OF KANSAS DEPARTMENT OF REVENUE, *Appellee*.

(213 P.3d 1061)

Opinion filed August 28, 2009.

*William K. Rork*, of Topeka, argued the cause, and *Wendie C. Bryan*, of Topeka, was with him on the briefs for the appellant.

*J. Brian Cox*, of the Kansas Department of Revenue, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JOHNSON, J.: Brandon C. Moser seeks review of the Court of Appeals' dismissal of his driver's license suspension appeal based upon its determination that Moser had failed to file a petition for

judicial review of the Kansas Department of Revenue (KDR) action in a timely manner. We affirm.

On October 9, 2005, Moser was involved in a car accident but refused to submit to a Breathalyzer test. As a result, the law enforcement officer personally served upon Moser on that date a copy of the Officer's Certification and Notice of Suspension, commonly referred to by its form number, DC-27. The DC-27 notified Moser that the form served as a temporary license that would be suspended on the 30th calendar day after the date the DC-27 was served on Moser unless he made a timely request for an administrative hearing. The form lists the various actions, *i.e.*, lengths of suspension, that would be taken upon the recipient's driving privileges, depending upon whether the officer certified a test refusal or a test failure and depending further upon the number of prior "occurrences" the driver had. The form also contained instructions on requesting an administrative hearing, which advised that a written request was to be postmarked no later than 10 calendar days after service of the DC-27.

Moser did not request an administrative hearing. Accordingly, on November 8, 2005, the KDR, through its Driver Control Bureau, sent Moser a document entitled Suspension Notice. The document informed Moser that his driver's license was suspended for 10 years, from November 8, 2005, to November 8, 2015, as a result of a chemical test refusal on October 9, 2005. The 10-year length of suspension had been identified in the DC-27 as the action to be taken for a test refusal which was the driver's fourth "occurrence."

On December 5, 2005, more than 10 days but less than 30 days after the effective date of his suspension, Moser filed a petition for judicial review with the district court. Moser argued that the statute authorizing the 10-year suspension was unconstitutional because the length of the suspension was penal and "contrary to the remedial purposes of the implied consent statutes."

KDR moved to dismiss Moser's petition on two grounds. First, KDR asserted that the district court lacked jurisdiction to review the agency action because Moser had failed to timely file his petition as required by the 10-day rule in K.S.A. 2005 Supp. 8-259(a). Second, the KDR claimed that Moser, by failing to request an

administrative hearing, had not exhausted his administrative remedies, which is a condition precedent to obtaining relief under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* The district court determined that the 10-day rule of K.S.A. 2005 Supp. 8-259(a) was inapplicable in this case and that Moser's petition was timely filed under the 30-day rule of K.S.A. 77-613(b). However, the district court refused to consider the merits of the petition because it found that Moser had failed to exhaust his administrative remedies.

Moser appealed the adverse ruling on the exhaustion of administrative remedies issue, and the KDR cross-appealed the district court's ruling on the timeliness issue. The Court of Appeals only addressed the cross-appeal, finding that its resolution of the timeliness issue was dispositive. The panel held that the 10-day rule of K.S.A. 2005 Supp. 8-259 applied in this case; that KDR's November 8, 2005, notice of suspension sent to Moser was an order of suspension; and that the district court had erred in ruling that the 30-day rule of K.S.A. 77-613 governed the timing for Moser's appeal. Nevertheless, given that the district court did not acquire jurisdiction over Moser's petition because it was filed beyond the statutory time limit, the Court of Appeals found that it also lacked jurisdiction and dismissed the appeal. *Moser v. Kansas Dept. of Revenue*, No. 96,734, unpublished opinion filed March 7, 2008. Essentially, the Court of Appeals found that the district court had reached the correct result but for the wrong reason. See *In re Marriage of Bradley*, 282 Kan. 1, 8, 137 P.3d 1030 (2006) (if trial court reaches right result, decision upheld even though it relied on wrong ground or assigned erroneous reason for decision).

Moser petitioned for our review of the Court of Appeals dismissal on jurisdictional grounds. In addition, he asks that we review the other issues which were raised before, but not decided by, the Court of Appeals: whether a 10-year or lifetime suspension is contrary to the remedial purpose of the implied consent statutes; whether a constitutional issue may be raised for the first time on appeal; whether the district court erred in finding a failure to exhaust administrative remedies; and whether a petitioner's tempo-

rary driving privileges should continue while the suspension order is pending appeal in the Court of Appeals.

*APPLICABILITY OF K.S.A. 2005 Supp. 8-259*

Moser argues that the 10-day statutory time limit in K.S.A. 2005 Supp. 8-259 only applies to a petition for review of a hearing order which is entered upon the conclusion of the administrative hearing provided for in K.S.A. 8-1020. See K.S.A. 8-1020(n), (o), (p). Moreover, Moser points out that K.S.A. 8-1020(h)(1) limits the scope of the administrative hearing on a test refusal to certain issues, which do not include a constitutional challenge to the length of the suspension. Therefore, because he did not request an administrative hearing, there was no hearing order, and because he petitioned for review upon an issue which could not have been considered at an administrative hearing, he was governed by the provision in K.S.A. 2005 Supp. 8-259(a) which makes the time limit of K.S.A. 77-613 applicable in "all other cases."

Resolution of the issue presented hinges upon our interpretation of K.S.A. 2005 Supp. 8-259. Issues of statutory interpretation raise pure questions of law and are subject to this court's unlimited review. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008). "[S]tatutory interpretation begins with the language selected by the legislature. If that language is clear, if it is unambiguous, then statutory interpretation ends there as well." 285 Kan. at 629. Ordinary words should be given their ordinary meaning. *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). Courts should not focus on an isolated part of a legislative act but are required, if possible, to consider and construe together all parts of the act *in pari materia. McIntosh v. Sedgwick County*, 282 Kan. 636, 642, 147 P.3d 869 (2006).

K.S.A. 2005 Supp. 8-259(a) provides, in relevant part:

"(a) Except in the case of [mandatory revocations, mandatory suspensions, or mandatory disqualifications], the cancellation, suspension, revocation, disqualification or denial of a person's driving privileges *by the division* is subject to review. Such review shall be in accordance with the act for judicial review and civil enforcement of agency actions. *In the case of review of an order of suspension under K.S.A. 8-1001 et seq.*, and amendments thereto, or of an order of disqualification under subsection (a)(1)(D) of K.S.A. 8-2,142, and amendments thereto, *the pe-*

*tition for review shall be filed within 10 days after the effective date of the order* and venue of the action for review is the county where the administrative proceeding was held or the county where the person was arrested. In all other cases, the time for filing the petition is as provided by K.S.A. 77-613, and amendments thereto, and venue is the county where the licensee resides." (Emphasis added.)

Facially, the statutory language appears straightforward. Except for a few mandatory actions, a person may seek judicial review of the KDR's "cancellation, suspension, revocation, disqualification or denial of a person's driving privileges." K.S.A. 2005 Supp. 8-259(a). If the action to be challenged on review is an order of suspension under Article 10 of Chapter 8 of the Kansas Statutes Annotated (the implied consent law), or an order of disqualification under K.S.A. 2005 Supp. 8-2,142(a)(1)(D), then the person must file his or her petition for review within 10 days of the order's effective date. In all other cases, such as a cancellation, suspension, revocation, disqualification, or denial of driving privileges under some other statutory authority, the person petitioning for review must comply with the 30-day time limit set forth in K.S.A. 77-613.

However, at Moser's urging, the district court apparently found that the meaning of "order of suspension" in K.S.A. 2005 Supp. 8-259(a) was ambiguous in light of K.S.A. 8-1020(o), which provides, in part: "The licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto." The district court opined that because K.S.A. 8-1020(o) referenced 8-259, then the "order of suspension" mentioned in 8-259 must refer back to, and mean the same, as the "hearing order" referenced in K.S.A. 8-1020(o). Accordingly, given that Moser did not request an administrative hearing and there was no hearing order issued, the district court concluded that Moser's case must fall within the category of "all other cases," subject to the 30-day rule of K.S.A. 77-613. See K.S.A. 2005 Supp. 8-259(a).

As did the Court of Appeals, we disagree with the district court's interpretation of the "order of suspension" language in K.S.A. 2005 Supp. 8-259(a) as meaning only the administrative hearing order referred to in K.S.A. 8-1020(o). "The trial court failed to recognize K.S.A. 8-1020(o) merely illustrates one type of order that can be appealed using 8-259. But just because 8-259 governs appeals

taken under K.S.A. 8-1020(o), it does not mean those appeals are the only appeals governed by 8-259." *Moser*, slip op. at 5-6.

Perhaps the most obvious hurdle to accepting the district court's reasoning—and Moser's appellate argument—is encountered while performing the first function of statutory interpretation, *i.e.*, examining the language selected by the legislature. Looking first at K.S.A. 2005 Supp. 8-259(a), we see that the suspension order subject to the 10-day rule is conditioned by a statutory reference to "K.S.A. 8-1001 *et seq*." The term *"et seq."* is an abbreviation for the Latin term meaning "and the following ones." Black's Law Dictionary 592 (8th ed. 2004). Plainly, the statute refers to an order of suspension under any of the provisions of the implied consent law. If the legislature intended to refer solely to review of an administrative hearing order, it would have been a simple matter to say "in the case of review of a hearing order under K.S.A. 8-1020, and amendments thereto." However, the legislature did not use that limiting language, and there is no construction rule which would justify such a drastic statutory revision.

Turning to K.S.A. 8-1020(o), we note that the legislature used the term "hearing order," rather than "order of suspension." Other subsections of the statute suggest that the distinction was deliberate. Subsection (m) describes the actions to be taken following the administrative hearing, with the choices being to enter an order "affirming the order of suspension" or enter an order to "dismiss the administrative action." If a hearing order affirms an order of suspension, then the suspension order must have existed at the time of the hearing and must mean something separate and distinct from the hearing order.

Further, subsection (p) details the applicable procedure for seeking review of a hearing order. It specifies that "[t]o the extent that this section and any other provision of law conflicts, this section shall prevail." K.S.A. 8-1020(p). Pointedly, it contains its own provision for the time within which a petition for review must be filed, *i.e.*, "within 10 days after the effective date of the order." K.S.A. 8-1020(p). If the legislature intended to equate K.S.A. 2005 Supp. 8-259's "order of suspension" with K.S.A. 8-1020's "hearing

order," then there would have been scant need to have duplicative provisions on the procedure and timing of a review petition.

In short, we find that the 10-day limit for filing a petition for review specified in K.S.A. 2005 Supp. 8-259(a) does not exclusively refer to the administrative hearing order. K.S.A. 2005 Supp. 8-259(a) applies to every order of suspension issued pursuant to the authority of K.S.A. 8-1001 *et seq.*

The next question in a case without a hearing order might be what document represents the order of suspension contemplated in K.S.A. 2005 Supp. 8-259. There appear to be only two choices in this case: the Officer's Certification and Notice of Suspension (DC-27) served on Moser on the date of his test refusal or the Suspension Notice sent to Moser by the KDR on the date the suspension period began. Neither is clearly labeled as an "order of suspension."

As noted, K.S.A. 8-1020(m) speaks to affirming an order of suspension at the administrative hearing, which would be a time at which the DC-27 had been served on the driver but the KDR's final suspension notice would not have been sent. That suggests that the DC-27 is the order of suspension. However, K.S.A. 8-1002(f) provides that, upon receipt of the officer's certification (DC-27), KDR is to review it to determine whether it meets statutory requirements. If so, "the division shall proceed to suspend the person's driving privileges in accordance with the notice of suspension previously served." K.S.A. 8-1002(f). That connotes a difference between the officer's DC-27 notice of suspension and the KDR's order of suspension.

Nevertheless, in this case, the distinction is academic. Both the DC-27 and the KDR's notice of suspension identified the effective date of the suspension to be November 8, 2005, 30 calendar days after the October 9, 2005, test refusal. Moser had 10 days from the effective date of the suspension, or until November 18, 2005, to file a petition for review. The petition for review, filed December 5, 2005, was untimely.

As the Court of Appeals correctly stated: "[T]he time for taking an administrative appeal, as set by statute, is jurisdictional and delay beyond the statutory time limit is fatal. *Lakeview Village, Inc.*

*v. Board of Johnson County Comm'rs*, 232 Kan. 711, 716, 659 P.2d 187 (1983)." *Moser*, slip op. at 4. Moreover, "if the trial court lacked jurisdiction to enter an order in Moser's case, we have no jurisdiction to hear his appeal. See *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004)." *Moser*, slip op. at 3. Accordingly, we affirm the Court of Appeals' dismissal of the appeal. That decision precludes our consideration of the remaining issues which Moser attempts to resurrect on review.

Affirmed.