NOT DESIGNATED FOR PUBLICATION

No. 115,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN M. COLE, JR.,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed February 24, 2017. Affirmed.

*Daniel C. Walter*, of Walter & Walter, LLC, of Norton, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*: John M. Cole, Jr., was arrested for driving under the influence of alcohol. Cole's driver's license was suspended under an Officer's Certification and Notice of Suspension form (DC-27). Cole, proceeding pro se, requested an administrative hearing. He did not request the presence of the officer who certified the DC-27. Cole then hired an attorney. Cole's attorney sent the Kansas Department of Revenue (KDOR) a letter informing the agency that he was representing Cole and requesting the certifying officer be subpoenaed to the administrative hearing. The suspension of Cole's driver's license was upheld at the administrative hearing. The certifying officer was not present at the hearing. Cole petitioned the trial court for review of the administrative hearing order.

1

At trial, Cole's attorney waived all arguments relating to any substantive challenge to the suspension of Cole's driver's license. Instead, Cole's attorney argued that KDOR erred when it did not subpoena the certifying officer to the administrative hearing. The trial court determined that Cole had failed to preserve the issue for review because he neglected to raise the issue at the administrative hearing.

On appeal, Cole argues that he properly preserved the issue for review when he wrote a letter to KDOR 2 days after the hearing order was entered supplementing the issues he raised at the administrative hearing. Thus, Cole argues that the trial court erred in determining that he could not raise the issue for the first time on review. We conclude that Cole's arguments are not persuasive. We further conclude, as the trial court did, that Cole failed to preserve his issue for review. Accordingly, we affirm.

On February 9, 2014, John M. Cole, Jr., was arrested in Ellis County, Kansas, for driving under the influence of alcohol. The officer who arrested Cole certified a DC-27 form, which resulted in the suspension of Cole's driver's license.

On February 14, 2014, Cole sent the Kansas Department of Revenue (KDOR) a request for an administrative review of the suspension of his driver's license. His request for review indicated that he was not requesting the officer who certified the DC-27 to be subpoenaed to the hearing. On February 25, 2014, KDOR sent Cole a letter acknowledging the receipt of his request for review.

After Cole sent KDOR his request for review, he obtained counsel. On February 26, 2014, Cole's counsel sent a letter to KDOR informing the agency that he was representing Cole and requesting that the certifying officer be subpoenaed to the hearing. On March 4, 2014, KDOR sent a notice of hearing to Cole, which stated that an administrative review hearing had been set for May 5, 2014.

On May 5, 2014, Cole's administrative review hearing was held by telephone conference. The certifying officer was not present for the administrative hearing. On May 6, 2014, KDOR rendered its decision and upheld the suspension of Cole's driver's license in an administrative order. Cole and his attorney were mailed copies of the administrative order on the same day that the decision was entered. Cole's attorney did not raise any issue relating to the absence of the certifying officer at the administrative hearing.

On May 8, 2014, 2 days after the administrative order was entered, Cole's attorney wrote a letter to KDOR requesting to supplement the issues raised at the hearing. Cole's attorney requested that the issue relating to the certifying officer's absence be preserved. The letter stated:

"After the hearing was over, I examined my file. On February 26, 2014, only seventeen (17) days after the date on the DC-27, I advised Driver Control that I was now representing Mr. Cole and requested that the certifying officer by subpoenaed to the administrative hearing.

"The additional issues I wish to preserve are:

"1. Driver Control arbitrarily either failed or refused to issue a subpoena which was timely requested.

"2. A process which requires the licensee to subpoena and produce the witness against him violates fundamental principles of fairness guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution."

Cole then appealed the administrative order to the Ellis County District Court. On December 22, 2015, the trial court held a trial to review the administrative order upholding the suspension of Cole's driver's license. Cole did not subpoena the certifying officer to appear at trial. The only issue Cole argued at trial was whether "Driver Control

3

arbitrarily either failed or refused to issue a subpoena for the arresting officer which was timely requested." Cole waived all other issues raised in his petition. The trial court affirmed the administrative order suspending Cole's driver's license. The trial court determined the following:

"1. Plaintiff failed to preserve the issue of whether it was a due process violation for [KDOR] to not issue a subpoena commanding the certifying officer to appear at the administrative hearing.

"2. Plaintiff's failure to raise this issue at the administrative hearing deprives this Court of subject matter jurisdiction over the issue."

*Did the Trial Court Err in Determining that Cole had Failed to Preserve His Issue for Review?*

Cole's argument on appeal is properly summarized in his brief as follows:

"In the case at bar the Court should find that K.S.A. 60-259 *et seq.* applies when the Defendant requested that a modification of an order not even made yet from an Administrative Hearing be made, via letter, 3 days after the telephone hearing. The request was made well within the 28 days required under K.S.A. 60-259 to request such a modification. Furthermore, under K.S.A. 60-265, the court should proceed in a just and equitable manner that protects the rights and interests of the Defendant by allowing preservation of the issue as requested. The [Kansas Judicial Review Act] does not specifically address modification of an order and . . . the court should allow the Kansas Code of Civil Procedure supplement and apply to the Kansas Judicial Review Act. Specifically, it should apply when requesting modification from an order in an administrative hearing or should simply be engrafted into the procedure since there is no provision of K.S.A. 8-1020 which requires an issue to be saved on the date of the hearing or incur forfeiture."

4

Cole argues that the trial court erred when it ruled that he had failed to preserve for review the issue related to the certifying officer's absence at the administrative hearing. He argues that the trial court erred because he preserved the issue for review by writing the letter to KDOR which supplemented his arguments after the administrative hearing was held. Cole asks this court to treat his letter to KDOR as a motion to alter or amend judgment under K.S.A. 60-259. After considering Cole's argument, we must conclude that he is not entitled to the relief he has requested.

First, we must note that Cole makes an error of fact in his argument that must be addressed. Cole asserts that he sent his supplemental letter to KDOR *before* an order had been made. The administrative order from the KDOR hearing clearly states that the hearing was held on May 5, 2014, and the decision was rendered on May 6, 2014, with a copy of the order having been mailed to Cole and Cole's attorney. Cole's attorney sent his letter to KDOR on May 8, 2014. Thus, KDOR's administrative order predated Cole's attorney's supplemental letter attempting to preserve issues for appeal.

We begin by discussing why Cole is not legally entitled to the relief for which he asks. In *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 411-12, 204 P.3d 562 (2009), our Supreme Court held that "[i]n an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. [Citations omitted.] In turn, a district court may only review those issues *litigated* at the administrative level. [Citation omitted.]" (Emphasis added.)

Our court has specifically determined that in the context of an administrative appeal from the suspension of a driver's license, the "plaintiff should be restricted to those issues raised at the administrative hearing . . . ." *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 764, 758 P.2d 226 (1988). Furthermore, even though trial courts conduct a de novo review of administrative hearings, "the proceeding is still predominantly appellate in nature. If plaintiff may raise a completely new issue and

5

produce evidence before the court not produced below, effectively the agency action is ignored and the proceeding is not truly appellate." 12 Kan. App. 2d at 764.

An appeal from an administrative decision to suspend an individual's driver's license falls within the Kansas Judicial Review Act (KJRA). *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). The KJRA may be supplemented by the provisions of the Kansas Code of Civil Procedure if the provisions to be supplemented are logically necessary—*i.e.,* if they fill a gap. See *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 96, 106 P.3d 492 (2005) (quoting *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 43-44, 36 P.3d 853 [2001]).

Cole argues that his situation presents such an opportunity to supplement the KJRA with provisions from the Code of Civil Procedure. Cole's argument relies on the assertion that the KJRA does not specifically address the modification of an order. Cole misses the point, however, and likely mischaracterizes modification. The "modification" Cole requested in his letter to KDOR was an opportunity to retroactively raise arguments and preserve issues for appeal. The real issue is whether he should be allowed to raise his issue for the first time on appeal.

The purpose of a K.S.A. 2015 Supp. 60-259(f) motion to modify or amend is to give trial courts an opportunity to correct their prior errors. See *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939, 159 P.3d 215 (2007). Furthermore, a court may properly deny a K.S.A. 2015 Supp. 60-259 motion if the movant could have, with reasonable diligence, presented his or her argument before the final order. See *Wenrich v. Employers Mutual Ins. Co.*, 35 Kan. App. 2d 582, 590, 132 P.3d 970 (2006).

Moreover, K.S.A. 2015 Supp. 77-617 specifically limits when issues may be raised for the first time on judicial review of an administrative decision:

6

"A person may obtain judicial review of an issue that was not raised before the agency, only to the extent that:

"(a) The agency did not have jurisdiction to grant an adequate remedy based on a determination of the issue;

"(b) the agency action subject to judicial review is a rule and regulation and the person has not been a party in adjudicative proceedings which provided an adequate opportunity to raise the issue;

"(c) the agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding; or

"(d) the interests of justice would be served by judicial resolution of an issue arising from:

(1) A change in controlling law occurring after the agency action; or

(2) agency action occurring or first reasonably knowable to the person after the person exhausted the last feasible opportunity for seeking relief from the agency."

In interpreting the preceding statute in *In re Tax Appeal of Dillon Real Estate Co.*, 43 Kan. App. 2d 581, Syl. ¶ 4, 228 P.3d 1080 (2010), this court stated that the statute "limits new issues being raised on judicial review of administrative actions, and if the issue sought to be asserted is not among those listed in the statute as permissible for appellate consideration despite not having been raised in the agency, we will decline to consider the issue."

Here, a plain reading of K.S.A. 2015 Supp. 77-617 shows us that Cole's issue does not fit within any of the statute's exceptions. Furthermore, Cole had the opportunity to present his argument at the administrative hearing, and he failed to do so. His attempt to retroactively preserve his issue for appeal is not a correct use of a motion to modify or to

7

amend an order under K.S.A. 2015 Supp. 60-259 because it is readily apparent that he could have presented his argument at the administrative hearing. More importantly, K.S.A. 2015 Supp. 60-259 is not a logically necessary supplement to the KJRA in this situation, because K.S.A. 2015 Supp. 77-617 covers when an issue may be raised for the first time on judicial review of an administrative decision. Thus, it is clear that the trial court correctly ruled that Cole had failed to preserve his issue for appeal. Accordingly, Cole's argument fails.

Affirmed.