FILED
United States Court of Appeals
Tenth Circuit

May 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: JEFFREY KENT GRACY,

    Debtor.

-----------------------------

J. MICHAEL MORRIS,

    Plaintiff - Appellee,

v.

ARK VALLEY CREDIT UNION,

    Defendant - Appellant.

No. 16-3281
(D.C. No. 6:15-CV-01306-JTM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Appellant Ark Valley Credit Union ("AVCU") appeals the judgment entered

against it and in favor of Appellee J. Michael Morris ("Trustee") in an adversary

proceeding in a Chapter 7 bankruptcy case. The primary issue in this appeal is

whether § 58-4214 of the Kansas Manufactured Home Act ("KMHA") is the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exclusive means for determining whether a mobile home is a fixture for purposes of the attachment of a security interest or whether a court may also look to Kansas common law to make that determination, as the district court and bankruptcy court did in this case. Exercising our jurisdiction pursuant to 28 U.S.C. § 158(d), we affirm the judgment in favor of the Trustee.

## I.

The parties are familiar with the facts and procedural background, so we will limit our recitation of the background to that which is necessary for the analysis.

In the mid-1990s, Jeffrey Kent Gracy ("Debtor") bought land in Caldwell, Kansas, and moved a manufactured home (also known as a mobile home) onto the property. Debtor and his wife lived in the home together until his wife passed away. Debtor continued to live there after his wife's death.

In 2009, Debtor borrowed $21,000 on a home equity line of credit. To secure the loan, Debtor granted AVCU a mortgage on his Caldwell property. The mortgage did not note the presence of the manufactured home on the property.

A year later, Debtor obtained a second line of credit in the amount of $26,000. He used this money to build a detached garage on the property. Like the first mortgage, the second mortgage did not reference the manufactured home, but Debtor believed that both mortgages had granted a lien on the land, the manufactured home, and the detached garage.

2

Debtor filed a Chapter 7 bankruptcy petition in July 2013. He claimed the Caldwell property as his homestead and did not list the manufactured home as personal property.

The Trustee filed an adversary proceeding to avoid AVCU's alleged lien in the manufactured home as unperfected under 11 U.S.C. § 544(a) because the lien was not noted on the home's certificate of title as required by state statute.[1] AVCU asserted that it had not taken a lien in the home and therefore there was nothing for the Trustee to avoid. The bankruptcy court agreed with AVCU, concluding that no liens had attached to the mobile home because the mortgage did not sufficiently describe it. The Trustee appealed that decision to the district court.

On appeal, the district court vacated the bankruptcy court's decision, concluding that the mortgage's property description included all fixtures, which would include affixed mobile homes. The court therefore remanded for the bankruptcy court to consider whether the mobile home could be considered a fixture under Kansas common law. In doing so, the district court rejected AVCU's

---

[1] "The so-called 'strong arm' powers of 11 U.S.C. § 544(a)(1) grant the trustee the status of a hypothetical lien creditor once the bankruptcy petition has been filed." *Morris v. Hicks (In re Hicks)*, 491 F.3d 1136, 1140 (10th Cir. 2007). "The rights of such a lien creditor are determined under state law." *Id*. "Kansas law subordinates an unperfected security interest to the rights of a person who became a lien creditor prior to perfection. Thus, if [a creditor's] security interest was unperfected under state law at the time [the debtor] filed for bankruptcy, the trustee may exercise his power to avoid [the] lien." *Id*. (citation omitted). Avoided liens are automatically "preserved for the benefit of the estate." 11 U.S.C. § 551.

3

contention that the KMHA was the exclusive means for determining whether a mobile home could be considered a fixture in these circumstances.

On remand, the bankruptcy court concluded that the mobile home was a fixture under Kansas common law and that it was subject to AVCU's mortgages. The bankruptcy court further concluded that because AVCU had not properly perfected its security interests in the mobile home, the trustee could avoid AVCU's mortgage liens and preserve them for the benefit of the estate. AVCU appealed the bankruptcy court's decision to the district court and that court affirmed. AVCU now appeals from the judgment entered in favor of the Trustee.

II.

When a district court acts in its capacity as a bankruptcy appellate court, as the district court did in this case, "we review the bankruptcy court's decision independently." *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1310 (10th Cir. 2008). We review de novo the bankruptcy court's legal conclusions and we review for clear error its factual findings. *Id.* Although "[w]e do not defer to the district court's intermediate appellate analysis, . . . we may look to it to inform our review of the result reached by the bankruptcy court." *Id.*

A.

AVCU's primary argument on appeal is that compliance with the KMHA is the exclusive way to change the status of a manufactured home from personal property to a fixture. Under the KMHA, a mobile home is considered a fixture if it is permanently affixed to the real property and its title has been eliminated. *See*

4

Kan. Stat. Ann. § 58-4214. Because it is undisputed that Debtor did not eliminate the title to his mobile home, AVCU asserts that the home could not be considered a fixture.

In support of its argument that § 58-4214 provides the sole means of converting a manufactured home from personal property to a fixture, AVCU relies on *Wachovia Bank, N.A. v. Morris (In re Thomas)*, 362 B.R. 478 (B.A.P. 10th Cir. 2007). In that decision, the Bankruptcy Appellate Panel ("BAP") concluded that the "Kansas common law of fixtures" could not "apply to manufactured homes in harmony with § 58-214." *Id*. at 486-87. The BAP explained:

> The clarity of the process outlined in § 58-4214 plainly protects parties holding, or seeking to acquire, interests in manufactured homes. If the common law were also applicable to determine the fixture status of a manufactured home, that high degree of certainty would be ineffective absent a subsequent judicial determination that a given manufactured home had, or had not, become a fixture under the common law standard.

*Id*. at 487.

Although the BAP focused on the certainty of the process for determining whether a mobile home is a fixture under § 58-4214 versus the uncertainty of the process for making that same determination under the common law, the BAP did not undertake an analysis of the statutory language to determine whether the legislature intended § 58-4214 to provide the exclusive means for making the fixture determination. In contrast, the district court rejected AVCU's position that § 58-4214 provides the exclusive means for determining whether a mobile home is a fixture after analyzing the statutory language consistent with principles of statutory interpretation.

5

In its appellate brief, AVCU argues that "[t]he BAP decided that simplicity was paramount. And that should be the rule." Aplt. Br. at 11. AVCU further argues that "[t]o adopt a rule that requires a complex determination when a simple one is available causes many problems for those that are simply trying to move through transactions." *Id*. And then AVCU asks the rhetorical question: "Is it a stretch to assume that the Kansas Legislature intended the simple over the complex?" *Id*. at 11-12. AVCU fails, however, to explain how the district court erred in its analysis of the statutory text. We are not persuaded by AVCU's argument that the simplicity of the process outlined in § 58-4214 demonstrates that the legislature intended for it to be the exclusive means to make the fixture determination. Instead, we agree with the district court's analysis of the statutory text, which led it to conclude that the Kansas legislature did not intend for § 58-4214 to exclude common law as a means for making the fixture determination.[2]

The district court first noted that the Kansas Supreme Court has not ruled on this issue, so it proceeded to interpret § 58-4214 according to state rules of statutory construction, *see Finstuen v. Crutcher*, 496 F.3d 1139, 1148 (10th Cir. 2007). The Kansas Supreme Court has indicated that "statutory interpretation begins with the language selected by the legislature." *Moser v. Kan. Dep't of Revenue*, 213 P.3d

---

[2] After the district court reached this conclusion, it remanded for the bankruptcy court to consider whether Debtor's manufactured home had become a fixture under Kansas common law. Because the bankruptcy court did not independently decide the legal issue, but instead followed the district court's direction on remand, we look to the district court's analysis of this issue as it "inform[s] our review of the result reached by the bankruptcy court," *In re Paul*, 534 F.3d at 1310.

6

1061, 1064 (Kan. 2009) (brackets and internal quotation marks omitted).  The

relevant statutory provision states:

> Whenever a manufactured home or mobile home is permanently affixed to real property, by placement upon a permanent foundation of a type not removable intact from such real property, the manufactured home or mobile home shall be considered for all purposes an improvement to real property, if the certificate of title which has been issued or is required to be issued for such manufactured home or mobile home pursuant to K.S.A. 58-4204, and amendments thereto, is eliminated pursuant to this section.  If the certificate of title has been eliminated pursuant to this section, the ownership of the manufactured home or mobile home shall be an incident of ownership of the real property where it is located under governing real property law.  If the certificate of title has been eliminated pursuant to this section, a separate security interest in the manufactured home or mobile home shall not exist, and the manufactured home or mobile home shall only be subject to a lien as part of the real property where it is located.

Kan. Stat. Ann. § 58-4214(a).

The district court began with the first sentence of the statutory provision,

explaining that "the word 'whenever' indicates the timing or frequency of the

creation of a fixture under the statute."[3] *Morris v. Ark Valley Credit*, 536 B.R. 887,

894 (D. Kan. 2015).  The district court next looked to the definition of "whenever,"

which means "at any or every time that" and the definition of "shall," which

"indicates a mandatory conclusion."  *Id*. (citations and internal quotation marks

omitted).  Read in conjunction with the rest of the provision, the court concluded that

this language means that "at any time or every time that a manufactured home is

permanently affixed to realty and the title is eliminated, it must be treated as a

---

[3] The statute uses the term "improvement" but, as the district court noted, "fixture" and "improvement" are interchangeable terms in the context of Kansas property law, *see City of Wichita v. Denton*, 294 P.3d 207, 258 (Kan. 2013).

7

fixture." *Id.* But the court noted that "whenever" is not exclusive language, and "the [l]egislature could have employed other simple combinations of words instead of 'whenever' to indicate exclusivity, such as 'only when' or 'only if.'" *Id.* The district court therefore concluded that "[a] plain reading of K.S.A. § 58-4214 thus indicates that every time the conditions are met, the home is a fixture; it does *not* plainly read that a manufactured home can only become a fixture if the conditions are met." *Id.*

We agree with the district court that the statute's plain language "does not exclude common law as a means of converting a manufactured home into a fixture; it merely provides a set of conditions under which one can guarantee that a mobile home will be treated as a fixture." *Id.*[4] We therefore see no reversible error in the district court's determination that § 58-4214 of the KMHA does not exclude the application of common law to determine whether a manufactured home is a fixture.

### B.

AVCU appears to argue in the alternative that the bankruptcy court erred in finding that Debtor's manufactured home was a fixture under the common law test. *See* Aplt. Br. at 17-18. "[W]hether a piece of property is a fixture is a question of

---

[4] This conclusion is consistent with other bankruptcy court decisions. *See*, *e.g.*, *Moore v. Morris (In re Moore)*, No. 09-11051, 2011 WL 1100072, at *4 (Bankr. D. Kan. Mar. 23, 2011) ("[Section 58-4214] neither addresses nor precludes reliance on the Kansas common law of fixtures for determining whether a mortgage lien attaches to the [manufactured] home."); *id.* at *4 n. 9 ("The Court considers that *Thomas'* statement concerning the Act's blanket displacement of fixture law *dicta*. The Act supplies the two means of perfecting a lien in a manufactured home, but does not purport to displace other property law concepts.").

8

fact," *City of Wichita v. Eisenring*, 7 P.3d 1248, 1259 (Kan. 2000), and we review the bankruptcy court's factual findings for clear error, *In re Paul*, 534 F.3d at 1310.

The factors for determining whether a manufactured home is personal property or a fixture are: "(1) annexation to the realty; (2) adaptation to the use of that part of the realty with which it is attached; and (3) the intention of the party making the annexation." *Stalcup v. Detrich*, 10 P.3d 3, 8 (Kan. App. 2000). The bankruptcy court found that all of these factors were shown.

AVCU argues solely that the manufactured home was not permanently affixed to the realty, which relates to the first factor. AVCU does not address the other two factors.

With respect to the first factor, the bankruptcy court noted that the manufactured home was set on piers that are set on concrete slabs and that the home was anchored to the piers and slabs with straps but was not otherwise attached. Although the court recognized that it was plausible that the home could be removed from the ground, it also recognized that courts assess less importance to the annexation factor than they do to the other two factors. The court explained that "when there is persuasive evidence that the property has been adapted to the land's use and that the annexor intended it to become part of the land, those latter proofs make up for a lesser degree of the permanence of the attachment." Aplt. App. at 46.

The bankruptcy court found that the land at Caldwell was Debtor's homestead and that he placed his manufactured home on that land to inhabit as his homestead, which he has done for twenty years. The court noted that Debtor "surrounded the

9

home with brick skirting, built a porch and a back patio adjacent to it, and erected a large garage just by it." *Id*. at 47. The court concluded that "[a]dding these amenities and living in the home suggest [Debtor's] efforts to adapt it to the use of the land as his homestead." *Id*. The court also noted testimony from a realtor about the value that the manufactured home added to the land if the two were sold together, which also supported the court's conclusion "that the home has been successfully adapted to the use of the realty." *Id*.

As for intent, the court concluded that it was clear that Debtor "intended to make the property as a whole his homestead when he moved the manufactured home onto the realty and subsequently made further improvements to it while he continuously lived there over the next 20 years." *Id*. at 48. And the court noted that AVCU "presented no evidence to the contrary." *Id*. The court also cited to Debtor's testimony that he "considered it his permanent home" and that "he intended to encumber it along with his homestead real estate." *Id*.

After considering all three factors, the bankruptcy court found that Debtor's manufactured home was a fixture. AVCU has failed to show that the bankruptcy court clearly erred in making this factual finding.

III.

For the foregoing reasons, we affirm the judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge

10