NOT DESIGNATED FOR PUBLICATION

No. 122,278

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALTON D. JOSEPH,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed February 5, 2021. Affirmed.

*Barry A. Clark*, of Clark & Platt, Chtd., of Manhattan, for appellant.

*Jay P. Van Blaricum*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: This case involves the suspension of the driving privileges of Dalton D. Joseph after he was arrested for driving under the influence of alcohol (DUI) and after a breath test at the police station following his arrest disclosed that his blood alcohol was well above the legal limit.

The undisputed facts disclose that in the early morning hours of October 27, 2018, Officer Cory Manning stopped Joseph's truck for a minor traffic infraction in Manhattan. There were four or five people in the truck. Joseph, the driver, was wearing a wrist band from a bar in Manhattan that only served patrons over 21 years of age. But Joseph's

1

driver's license showed that he was under the age of 21. Officer Manning asked Joseph where he was coming from. Joseph responded that he was coming from the bars in Aggieville. Joseph's eyes were bloodshot and watery and his speech was slurred. Officer Manning also noticed a strong odor of alcohol coming from the driver's window. As he got out of the truck to perform two field sobriety tests, Joseph dropped several items from his wallet. Manning had Joseph perform the standard walk-and-turn test and a one-leg stand test. Manning observed three validated clues of impairment during the walk-and-turn test and two validated clues of impairment on the one-leg stand test. Manning also had Joseph perform two nonstandard tests. First, he had Joseph recite a portion of the alphabet. Then he had Joseph count backwards between two numbers. Joseph was unable to successfully complete either task. Joseph refused to submit to a preliminary breath test, and Officer Manning placed him under arrest for DUI.

At the police station, Joseph submitted to an evidentiary breath test, which yielded a breath-alcohol content of 0.153. As a result, Officer Manning issued to Joseph the DC-27 Notice of Suspension that the Kansas Department of Revenue (KDOR) would suspend Joseph's driving privileges for a period of one year, followed by a one-year restriction to vehicles equipped with an ignition interlock device. This is the sanction for first-time offenders.

Joseph's suspension was upheld on an administrative review. Joseph then commenced this action in the district court for judicial review of his suspension. Relying on *Bixenman v. Kansas Dept. of Revenue*, 49 Kan. App. 2d 1, 296 P.3d 1141 (2013), the district court upheld Joseph's suspension based on its finding that under K.S.A. 2018 Supp. 8-1567a, Manning was justified in arresting Joseph in order to conduct additional testing because he had reasonable grounds to believe that Joseph was under 21 years old and had alcohol in his system. In so holding, the court declined to determine whether Manning had probable cause to arrest Joseph for DUI under K.S.A. 2018 Supp. 8-1567. Joseph's appeal from the district court's ruling brings the matter to us.

2

Appeals from the administration of driver's licenses are subject to review under the Kansas Judicial Review Act. K.S.A. 77-601 et seq.; see K.S.A. 2020 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516-17, 213 P.3d 1061 (2009). Joseph bears the burden of proving the invalidity of the agency action. See K.S.A. 2020 Supp. 8-1020(q); K.S.A. 77-621(a)(1).

In this appeal, Joseph contends that the district court erred when it found that he was properly arrested under K.S.A. 8-1567a. He contends that *Bixenman* was wrongly decided, that the district court erred in relying on it, and that the elements necessary to invoke K.S.A. 8-1567a are not present in this case. He also claims his arrest for DUI was unconstitutional because his offense, if any, was merely civil in nature and was not a basis for being arrested.

In license suspension cases like this, we usually review the district court's factual findings to determine if they are supported by substantial competent evidence before addressing the legal issue of whether those findings support the district court's legal conclusion. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). But here, the parties agree on the underlying facts. Their disagreement is over the legal conclusion that can be drawn from those facts. Our review over this legal issue is unlimited. See *Rosendahl v. Kansas Dept. of Revenue*, 310 Kan. 474, 479, 447 P.3d 347 (2019).

To paraphrase, K.S.A. 2020 Supp. 8-1001(b) provides that an officer can require a driver to submit to an evidentiary breath test, like the one Joseph took at the police station, if the officer has probable cause to believe (1) that the driver has violated K.S.A. 2020 Supp. 8-1567(a) *or* (2) that the driver is under age 21 and has alcohol or drugs in his/her system *and either* (a) the underage driver has been arrested for violating any state

3

statute or local ordinance *or* (b) the underage driver has been in an auto accident resulting in property damage, injuries, or death.

> "One or more tests may be required of a person when, at the time of the request, a law enforcement officer has probable cause to believe the person has committed a violation of K.S.A. 8-1567(a) [DUI], and amendments thereto, . . . or to believe the person is under the age of 21 years and was operating or attempting to operate a vehicle while having alcohol or drugs in such person's system; and one of the following conditions exists:  (A) The person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution or city ordinance; or (B) the person has been involved in a motor vehicle accident or collision resulting in property damage, personal injury or death." K.S.A. 2020 Supp. 8-1001(b)(1).

The first alternative for requiring a breath test is the officer's belief that the driver violated K.S.A. 2020 Supp. 8-1567(a), which is our general DUI statute. This statute applies when the breath or blood alcohol of the driver, regardless of the driver's age, is over 0.08.

The second alternative applies only to drivers under the age of 21. An officer can require an underage driver to submit to a testing when the underage driver has been arrested or has been involved in an auto accident.

This second alternative is based on K.S.A. 2020 Supp. 8-1567a, which is the statute applicable only to underage drivers. It declares unlawful any driving by a person under age 21 who has a breath or blood alcohol content of 0.02 or greater. The license of a first-time offender who has a breath or blood alcohol content between 0.02 and 0.08 is suspended for 30 days and then restricted for 330 days, and the license of a second-time offender is suspended for one year. K.S.A. 2020 Supp. 8-1567a(f). The statute does not specify any sanction for an offender with a breath or blood alcohol content over 0.08. Our

4

Supreme Court has declared that a violation of this statute is not a crime but rather a civil offense. *State v. Schuster*, 273 Kan. 989, 995, 46 P.3d 1140 (2002).

The district court upheld Joseph's license suspension based on this second alternative, which applies only to underage drivers. Joseph argues that the district court erred in relying on this alternative because it is premised on him having been either arrested for a crime or having been in an auto accident. He points out that he was not involved in an accident and argues that he could not properly have been arrested for DUI because his offense as an underage driver was not a crime. Thus, he argues, the predicate alternatives for requiring a breath test are not present here, contrary to the analysis in *Bixenman* that the district court adopted.

Joseph's argument is directed solely at the second alternative under K.S.A. 2020 Supp. 8-1001(b) that applies to underage drivers. He contends that being arrested and being taken into custody only occur in the context of a criminal charge, and that the charge against him was based on him being an underage driver with alcohol in his system, which is not a criminal offense. Joseph asks:  "How can officers require an underage driver to submit to testing without an arrest? What powers do law enforcement officers have to take an underage driver into custody, transport them to jail, and require testing when K.S.A. 8-1567a is purely civil in nature? They cannot."

Joseph admits he was arrested for DUI. But he ignores the fact that Officer Manning was on solid ground in arresting him for DUI under the general DUI statute applicable to all motorists, regardless of age:  K.S.A. 2020 Supp. 8-1567.

Although the district court declined to make specific findings on the applicability of K.S.A. 2018 Supp. 8-1567, our record on appeal contains sufficient facts to support the legal conclusion that Officer Manning had probable cause to arrest Joseph under K.S.A. 2018 Supp. 8-1567, the general DUI statute applicable to drivers regardless of age.

5

Officer Manning certified in the DC-27 form that reasonable grounds/probable cause existed to believe that Joseph had operated a vehicle while under the influence of alcohol and/or drugs in violation of a state statute. We refer the reader to the second paragraph of this opinion, which was drawn from Officer Manning's undisputed testimony. Those facts support his certification of probable cause under K.S.A. 2018 Supp. 8-1567.

We need not get into an analysis of *Bixenman* which, as an aside, is distinguishable from our present case. Under the totality of the circumstances, Officer Manning had probable cause to arrest Joseph for DUI under K.S.A. 2018 Supp. 8-1567 and therefore had statutory authority to request an evidentiary breath test. See K.S.A. 2020 Supp. 8-1001(b); K.S.A. 2020 Supp. 8-1567a(g). As a result, the district court properly upheld the KDOR's suspension of Joseph's driver's license. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (if district court reaches correct result, its decision will be upheld even though it relied on wrong ground or assigned erroneous reasons for its decision).

Affirmed.